By the Court.

This case is clearly distinguishable from the case of Tippets vs. Walker & Al., in Middlesex. (1) There the contract was under the seals of the defendants, *and *303 they produced no authority to bind the corporation. Here it cannot be doubted the corporation is itself liable. The consideration moved wholly from them. It is very apparent that the plaintiff did not, at the time of' receiving the notes, look to the defendant’s personal security-. The whole transaction was on behalf of the corporation. Their property is liable, and the defendant is not. Judgment must be entered for the defendant upo-n the verdict at the next term in Norfolk, (a)

 [Hovey vs. Magill, 2 Con. Rep. 680.—Dawes vs. Jackson, post, 490. — But see Hall vs. Smith, 1 Barn, & Cres. 407.—2 Dow. & Ryl. 584.— Iveson vs. Conington, 1 Barn & Cres. 160. —2 Dow. & Ryl. 307. — Burrell vs. Jones, 3 Barnw. & Ald. 47. — Norton vs. Herron, Ry. & Mood. 229. —Appleton vs. Binks, 5 East, 148. — Tucker vs. Bass, 5 Mass. Rep. 164. — Fowler vs. Shearer, 7 Mass. Rep. 14.— Buffum vs. Chadwick, 8 Mass. Rep. 103. — In the language of Bailey, J., mutatis mutandis, one might ask, in the above case, who is it that undertakes to pay ? Clearly, Gardner L. Chandler, who says, “ I, the subscriber, promise to pay” &c. He is the only promising party. It is true, he styles himself treasurer of the Dorchester Turnpike Corporation; but he alone promises. That is the legal and literal meaning of the words. — 2 D. & R. 587. — Hill vs. Bannister, 8 Cow. 31. — Barker vs. Mechanics' Fire Insurance Co., 3 Wend 94. — Eaton vs. Bell, 5 B. & Ald. 34. — Story's Agency, 271 to 287. — Ed.]

 4 Mass. Rep. 595.