### George A. Fiske *vs.* John S. Eldridge.

A promissory note in this form: "One year after date I promise to pay to the order of my self $522, value received," signed "J. S., Trustee of Sullivan Railroad," and indorsed "J. S., Trustee," binds J. S. personally.

Action of contract upon the following promissory no'e: "Boston July 1st 1855. $522.25. One year after date I prom ise to pay to the order of myself five hundred and twenty two $\frac{25}{100}$ dollars, value received.        John S. Eldridge,
                        " Trustee of Sullivan Railroad."

Indorsed: " John S. Eldridge, trustee."

At the trial in the superior court of Suffolk at April term 1857, after the plaintiff had read the note, the defendant proved that he was trustee of the Sullivan Railroad Company, and as such had entire charge of the property and business of the company, and while managing their affairs gave the note in suit and took up with it a promissory note of the corporation due to the Granite Bank, and delivered this note to the cashier with bonds of the railroad corporation as collateral security for its payment. The defendant also contended that the note as written was sufficient to put the plaintiff upon inquiry as to whether such agency existed. But *Abbott,* J. ruled that this evidence proved no defence to the note, and directed a verdict for the plaintiff. The defendant alleged exceptions.

*I. W. Richardson,* for the defendant, cited *Forster* v. *Fuller,* 6 Mass. 58; *Mann* v. *Chandler,* 9 Mass. 335; *Ballou* v. *Talbot,* 16 Mass. 461; *New England Marine Ins. Co.* v. *De Wolf,* 8 Pick 56; *Hovey* v. *Magill,* 2 Conn. 680.

*T. K. Lothrop,* for the plaintiff.

Dewey, J.   The weight of authority is favorable to the plaintiff, and seems to sustain the position that the defendant is personally liable upon this note.   The form of the note is a direct " I promise to pay," &c., and the only qualification of such liability is the annexation to the signature of his name of the words, " Trustee of Sullivan Railroad."

It was held in *Forster* v. *Fuller,* 6 Mass. 58, and *Thacher* v. *Dinsmore,* 5 Mass. 299, that annexing the name of " guardian of A. B." to the note did not qualify or limit the personal responsibility of the signer.   In *Packard* v. *Nye,* 2 Met. 47, notes in the form, " We the subscribers, trustees for the proprietors of the new Congregational meeting-house, promise to pay," &c., signed by the names of two individuals, was held to be the personal promise of the signers, and that the description of the signers, as trustees, &c., in the body of the notes, did not affect their liability.   It was said by Shaw, C. J., in that case, " The decisive answer is that the notes in terms do bind the signers personally, and they are called trustees as *descriptio personarum,* and to indicate the use to which the money was to be put."   In *Simonds* v. *Heard,* 23 Pick. 120, it was held that if an agent engages expressly in his own name to pay a sum of money, he is personally responsible on such engagement, although he describes himself as agent, and is duly authorized by the principal to enter into such engagement, and although he might have avoided such personal liability by acting in the name of the principal.

In *Taft* v. *Brewster,* 9 Johns. 334, the defendants signed a bond by the name of " J. B., T. L., and J. C., trustees of the Baptist Society of the town of Richfield; " the bond had also their several seals ; the condition of the bond was that " if they, as trustees," &c., should pay, &c., clearly indicating the true character of the transaction to be that of a debt of the Baptist Society; but the court held that it must be considered as given by the defendants in their individual capacities.   Perhaps that case should be considered as less in point, however, as it was the case of a sealed instrument.   But the cases from the New

York Reports will be found to apply the same rule to promissory notes. In *Barker* v. *Mechanic Fire Ins. Co.* 3 Wend. 94, it was held that a note, by which " I, John Franklin, President of the Mechanic Fire Insurance Company," promised to pay a certain sum of money, was not the note of the company, but of the maker alone. The case of *Hovey* v. *Bannister*, 8 Cow. 31, is still more directly in point, being the case of a promissory note signed " B. & C., Trustees of Union Religious Society, Phelps," and the signers were held personally liable. In the case of *Moss* v. *Livingston*, 4 Comst. 208, an acceptance of a bill, " John R. Livingston, President Rosendale Manufacturing Company," was held the personal acceptance of John R. Livingston. In *De Witt* v. *Walton*, 5 Selden, 571, it was held that where the promise was, " I promise to pay to the order of S. three hundred dollars," &c., and signed " David Hoyt, agent for the Churchman," it was the note of Hoyt.

The reported cases are not entirely uniform, and that of *Johnson* v. *Smith*, 21 Conn. 627, and other cases there cited of previous decisions in that state, seem adverse to the view we have taken of the present case.

The case of *Mann* v. *Chandler*, 9 Mass. 335, may be thought to be favorable to the defence, and contrary to what seems to be the doctrine of the other cases referred to. It was the case of a note of hand in the following form : " I, the subscriber, Treasurer of the Dorchester Turnpike Corporation, for value received, promise," &c., and signed " G. L. C., Treasurer of Dorchester Turnpike Corporation." That case differs from the others in its facts as to the description annexed to the name. It may be that the signature of the treasurer of a corporation may be thought to be the ordinary mode of executing such contracts on the part of the corporation, and that those words in themselves import a promise of the party whose treasurer he is. We think the present case differs from it, and is more analogous to the other cases cited. In the case of *Seaver* v. *Coburn*, 10 Cush. 324, a party signing a contract as " Treasurer of the Eagle Lodge," was holden personally liable.

Such a note as the one in suit we think must be taken to be

the personal promise of the signer, and the word " trustee " placed after the signature be held to be a mere *descriptio personæ*, intended to indicate the fund to be charged with the note, or the uses to which the money had been applied.

*Exceptions overruled.*