### RUFUS H. DRAPER & another *vs.* MASSACHUSETTS STEAM HEATING COMPANY & another.

A note in this form, " $631.46. Boston, Nov. 12, 1860. Six months after date, we promise to pay to the order of A. B. six hundred and thirty-one dollars, value received. Mass. Steam Heating Co. L. L. F., Treasurer," is the note of the company, and does not bind L. L. F. personally.

CONTRACT against the Massachusetts Steam Heating Company and Lorin L. Fuller, upon the following promissory note:

" $631.46. Boston, Nov. 12, 1860. Six months after date, we promise to pay to the order of R. H. & G. D. Draper, six hundred and thirty-one dollars $\frac{46}{100}$, value received.

Mass. Steam Heating Co.
L. L. Fuller, Treasurer."

The company was defaulted, and the case was defended by Fuller alone. In the superior court a trial by jury was waived, and at the hearing, before *Morton*, J., it appeared that Fuller was the treasurer of the company, and the signature of the name of the company was made by him. The judge found for the plaintiffs; and the defendant Fuller alleged exceptions.

*O. Stevens*, for the defendant Fuller.

*A. C. Clark*, (*A. B. Merrill* with him,) for the plaintiffs.

HOAR, J. The liability of the defendant upon the note in suit must be determined by the terms of the instrument itself. It is not enough to show that the person who dealt with him knew him to be an agent, and accepted the note as the promise of the principal, if the contract is in such a form as to bind him personally. *Leadbitter* v. *Farrow*, 5 M. & S. 345.

The rule for determining the personal liability of an agent for his signature on a note is thus stated in Byles on Bills, p. 26: that he will be liable " unless he either sign his principal's name only, or expressly state in writing his ministerial character." By some authorities it has been held important to show whether he had authority from his principal to make the contract, on the ground that if he made it without authority, though in the name of his principal, he would bind himself personally. But in this

commonwealth it is settled that if the instrument purports to express the contract of the principal, the agent is not personally liable upon it; but that the remedy in such a case against him is by an action on the case for falsely representing himself to be authorized to bind his principal. *Jefts* v. *York*, 4 Cush. 371. *Ballou* v. *Talbot*, 16 Mass. 461. There may, however, be cases in which the signature is in such a form that it might be held to be either the signature of the principal or of the agent; and in such cases a want of authority to bind the principal might well be regarded as fixing the personal liability of the agent. But here the fact is found that the defendant Fuller signed the name of the corporation of which he was the treasurer; the plaintiff has declared upon the instrument as the act of the cor‧poration, and they have been defaulted; and no other or better proof of Fuller's authority was needed.

The note in suit is signed " Mass. Steam Heating Co. L. L. Fuller, Treasurer." The body of the note does not contain the name of any contracting party. It reads, " we promise to pay; " but this is ambiguous, being equally applicable to the note of a corporation and to one which is signed by more than one promisor. We are left, therefore, to the signature itself to determine whose promise it purports to give.

In *Mann* v. *Chandler*, 9 Mass. 335, the promisor in the body of the note described himself as the " treasurer of the Dorchester Turnpike Corporation," and the same words were appended to his signature; and it was held that he was not personally liable. That case is hardly to be reconciled with the current of authorities; and in the recent case of *Fiske* v. *Eldridge*, 12 Gray, , it is suggested that the court must have attached some importance to the consideration that the treasurer of a corporation is the officer usually charged with the duty of executing its contracts of such a nature.

But the case at bar is much stronger for the defendant than *Mann* v. *Chandler*. The name of the company is signed to the note. This signature could not be made by the corporation itself, and must have been written by some officer or agent. It was manifestly proper that some indication should be given by

whom the signature was made, as evidence of its genuineness; and Fuller added his own name, with the designation of his official character. It would have been better if the name of the principal had been inserted in the body of the contract as the contracting party; or if the word "by" had preceded Fuller's name in the signature. But we think the omission to do this does not change the apparent character of the instrument, and that the whole taken together shows it to be the signature of the Massachusetts Steam Heating Company, and not of Fuller.

The case most nearly resembling it is *Fuller* v. *Hooper*, 3 Gray, 334. That was a suit upon a draft in this form:

"Four months after date, pay to the order of Messrs. James Fuller & Co. four hundred and fifty dollars, value received, which place to account of Pompton Iron Wks.

"W. Burtt, Agt."

This was held to be the draft of Horace Gray, who did business under the name of the Pompton Iron Works, and employed Burtt as an agent. And see *Abbott* v. *Shawmut Ins. Co.* 3 Allen, 215. *Exceptions sustained.*