SETH BARLOW *vs.* CONGREGATIONAL SOCIETY IN LEE.

A note in this form: "$23.00. Lee, April 26, 1858. On demand, I, as treasurer of the Congregational Society, or my successors in office, promise to pay A. B. or order twenty-three dollars, value received, with interest. S. S. R., Treasurer," is the note of the society, if the treasurer had authority to bind them by it.

CONTRACT brought by the administrator of the estate of Reuben Barlow against the Congregational Society in Lee, upon the following promissory note :

"$23.00. Lee, April 26, 1858. On demand, I, as treasurer of the Congregational Society, or my successors in office, promise to pay Erastus Hall or order twenty-three dollars, value received, with interest. Samuel S. Rogers, Treasurer."

The declaration alleged that the defendants, for value received by them, made the note by Samuel S. Rogers, their treasurer and agent, duly authorized; and that it was duly indorsed to the plaintiff's intestate. The defendants filed a general demurrer, which was overruled in the superior court, and judgment rendered for the plaintiff; and the defendants appealed to this court.

*M. Wilcox,* for the defendants.

*J. Branning,* for the plaintiff.

GRAY, J. It is well settled in this commonwealth that the question whether a principal or his agent is the party liable upon a negotiable note or bill of exchange must be ascertained from the instrument itself, at least when both are in law capable of contracting and it is not pretended that either has adopted the name of the other as his own for the purpose of transacting business. This exception to the general rule which governs other parol (or unsealed) agreements is derived from the nature of negotiable paper, which, being made for the very purpose of being transferred from hand to hand, and of giving to every successive holder as strong a claim upon the maker as the original payee had, must indicate on its face who the maker is; for any additional liability of the principal, not expressed in the form of such a note or bill, would not be negotiable ; and any ambiguity,

arising upon the face of the writing, in determining whether it is the promise of the principal or of the agent, must, on the ordinary principles of the law of evidence, be solved without the aid of extrinsic testimony. *Bank of British North America* v. *Hooper*, 5 Gray, 570, 571, and cases cited. *Williams* v. *Robbins*, 16 Gray, . *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 339. *Slawson* v. *Loring*, Ib. 342.

The plaintiff has mainly relied upon the case of *Mann* v. *Chandler*, 9 Mass. 335, in which it was held that promissory notes expressed to be made by " I, the subscriber, treasurer of the Dorchester Turnpike Corporation," and signed " Gardner L. Chandler, Treasurer of Dorchester Turnpike Corporation," were the notes of the corporation, and not of the treasurer. That case, although it has never been in terms overruled, has never been followed in this commonwealth, can hardly be reconciled with the later decisions, and must be maintained, if at all, upon the ground that the treasurer of a corporation is by virtue of his office the hand by which the corporation conducts all its pecuniary affairs, signs all its commercial paper, and pays all its debts. *Eastern Railroad* v. *Benedict*, 5 Gray, 565. *Fiske* v. *Eldridge*, 12 Gray, . *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 339.

In that view, the notes of the treasurer of a corporation would be assimilated to those of the cashier of a bank, which the American courts, in accordance with mercantile usage, have often shown the strongest inclination to treat as contracts of the bank. *Mechanics' Bank of Alexandria* v. *Bank of Columbia*, 5 Wheat. 335, 336. *Hartford Bank* v. *Barry*, 17 Mass. 94. *Folger* v. *Chase*, 18 Pick. 63. *Bank of Utica* v. *Magher*, 18 Johns. 346. *Watervliet Bank* v. *White*, 1 Denio, 613. *Farmers & Mechanics' Bank of Michigan* v. *Troy City Bank*, 1 Doug. (Mich.) 470, 472, 473. It has indeed been adjudged by the supreme court of the United States, as well as by this court, that on commercial paper payable to "A. B., cashier," the bank, although not named in the instrument, might maintain an action. *Barney* v. *Newcomb*, 9 Cush. 53. *Baldwin* v. *Bank of Newbury*, 1 Wallace, 234. Whether those decisions stand upon the peculiar relation

between a bank and its cashier, or (as the opinions imply) upon a general right of any principal to sue upon negotiable paper made to his agent, we need not here inquire. See *West Boylston Manuf. Co.* v. *Searle*, 15 Pick. 230; *Commercial Bank* v. *French*, 21 Pick. 486; *Fuller* v. *Hooper*, 3 Gray, 341; *Eastern Railroad* v. *Benedict*, 5 Gray, 563, 564, and cases cited; *Williams* v. *Robbins*, 16 Gray, , *Bank of United States* v. *Lyman*, 20 Verm. 673-677, and cases cited; S. C. 12 How. (U. S.) 243.

But a draft payable to " A. B., Treasurer of the Hampshire Manufacturing Company," has been held to be well indorsed by the signature of " A. B., Treasurer ;" Chief Justice Shaw saying, " This mode of naming the payee, for aught that appears on the draft, was a *descriptio personæ.*" *Shaw* v. *Stone*, 1 Cush. 253, 254. Still more directly opposed to the case of *Mann* v. *Chandler* is that of *Seaver* v. *Coburn*, 10 Cush. 324, in which it was held that a lease to Nathan P. Coburn, " Treasurer of the Eagle Lodge No. 114, I. O. O. F.," and signed " N. P. Coburn, Treas." bound Coburn personally. The files of that case show that the lease was under seal, and it is common learning that a sealed instrument takes effect more according to its form, in proportion to the apparent intention, than a simple contract; but it does not appear by the report or opinion that any stress was laid upon that distinction, or upon its not being shown that an Odd Fellows' Lodge was a corporation capable of contracting.

All the decisions of this court upon unsealed instruments since the case of *Mann* v. *Chandler* have required something more than a mere description of the general relation between the agent and the principal, in order to make them the contracts of the latter. Thus an agreement which declares the signers to be a committee of a certain town, or trustees of a particular meeting-house, and is signed with their own names, without addition, is their individual contract. *Simonds* v. *Heard*, 23 Pick. 120. *Packard* v. *Nye*, 2 Met. 47. And see *Crew* v. *Petit*, 3 Nev. & Man. 450; S. C. *nom. Rew* v. *Pettet*, 1 Ad. & El. 196. So a promissory note, in the body of which the principal is not named, and which is signed by the agent in his own name, does

not, by the mere addition to his signature of the words " trus-tee " or " president" of a particular railroad corporation, become the note of the corporation. *Fiske* v. *Eldridge*, 12 Gray, . *Haverhill Ins. Co.* v. *Newhall*, 1 Allen, 130. To the same effect are *Fogg* v. *Virgin*, 19 Maine, 352; *Hills* v. *Bannister*, 8 Cow. 31 ; *Barker* v. *Mechanics' Ins. Co.* 3 Wend. 98; *Moss* v. *Liv-ingston*, 4 Comst. 208. We are therefore unwilling to rest our judgment in this case upon the authority of *Mann* v. *Chandler*.

Nor can our decision be governed by the case, next cited by the plaintiff, of *Dawes* v. *Jackson*, 9 Mass. 490, in which an indenture made by the defendant, " as superintendent or agent of the Massachusetts State Prison," he having authority by virtue of his office to bind the Commonwealth in the matter of that contract, was held not to bind him personally ; for that case may have been decided upon the ground that the defendant was a public agent. *Hodgson* v. *Dexter*, 1 Cranch, 345. *Parks* v. *Ross*, 11 How. (U. S.) 374.

Upon the question what words in a simple contract, made by the hand of an agent of an individual or private corporation, will bind the principal, the line of distinction between the cases, even in the same court, is very narrow. Thus it is well settled that a promissory note made by an agent, without naming his principal in the body of it, but signed " For C. D., A. B.," or " A. B., agent for C. D.," or " A. B., for C. D." is the note of C. D., the principal. *Long* v. *Colburn*, 11 Mass. 97. *Emer-son* v. *Providence Hat Manuf. Co.* 12 Mass. 237. *Ballou* v. *Talbot*, 16 Mass. 461. *Rice* v. *Gove*, 22 Pick. 158. *Paige* v. *Stone*, 10 Met. 160. *Ex parte Buckley*, 14 M. & W. 469. But it seems to be equally well settled in this court, and supported by English authority, that the mere insertion of " for," or " for and in behalf of" the principal, in the body of the note, does not make it the contract of the principal, if signed by the mere name of the agent, without addition. *Bradlee* v. *Boston Glass Manufactory*, 16 Pick. 347. *Morell* v. *Codding*, 4 Allen, 403. *Penkivil* v. *Connell*, 5 Exch. 381. *Tanner* v. *Christian*, 4 El. & Bl. 591. So a direction in a bill of exchange drawn by an agent to place the amount "to the account " of his principal,

has been held not to exempt an agent, signing his own name without addition; *Mayhew* v. *Prince*, 11 Mass. 54, and papers on file in Suffolk, March term 1814; but to bind the principal, when the word "agent" was added to the signature. *Tripp* v. *Swanzey Manuf. Co.* 13 Pick. 292, 293. *Fuller* v. *Hooper*, 3 Gray, 334.

Even the insertion in a promissory note of the word "as" between the name of the signer and the description of his relation to another person, has been held not sufficient to exempt him from personal liability, where the note showed upon its face that no other person was legally bound; as in the case of a promissory note made by a guardian "as guardian," and repeating the word "guardian" after his signature, when he had no authority in law to bind the person or estate of his ward by such a note. *Thacher* v. *Dinsmore*, 5 Mass. 299. *Forster* v. *Fuller*, 6 Mass. 58. On like considerations it has been held in England that a promise to pay money made by solicitors "as solicitors," bound them and not their client. *Burrell* v. *Jones*, 3 B. & Ald. 47. See also *Eaton* v. *Bell*, 5 B. & Ald. 34.

But wherever it appears upon the face of a simple contract made by the agent of one named therein, and whom he can legally bind thereby, that he acts as agent and intends to bind his principal, the law will give effect to the intention, in whatever form expressed. Thus it seems to be well settled in England that an authorized agent making a written agreement "by procuration of" his principal, binds his principal only. Lord Ellenborough, in *Leadbitter* v. *Farrow*, 5 M. & S. 345. Wightman and Crompton, JJ., in *Mare* v. *Charles*, 5 El. & Bl. 980. So this court, in what has long since become a leading case, held that an agreement written upon the back of a negotiable promissory note in these words: "By authority from J. De Wolf, Jr., I hereby guaranty the payment of this note. Isaac Clap," was the contract of De Wolf. *New England Marine Ins. Co.* v. *De Wolf*, 8 Pick. 56. And an agreement in which "the undersigned, committee for the First School District," promise in behalf of said district to pay a certain sum for building a school-house therein, signed by the individual members of

the committee, with the word " committee " opposite all their names, has been held by the supreme court of Maine not to make them personally liable. *Andrews* v. *Estes*, 2 Fairf. 267. See also *Abbey* v. *Chase*, 6 Cush. 56 ; *Tripp* v. *Swanzey Manuf. Co.*, and *Fuller* v. *Hooper*, above cited ; *Bank of Australasia* v. *Breillat*, 6 Moore P. C. 161, 189 ; *Lewis* v. *Nicholson*, 18 Q. B, 503 ; *Green* v. *Kopke*, 18 C. B. 549.

The case now before the court is stronger against the principal than any of these. The note is dated at Lee, and calls the person who affixes the signature " treasurer of the Congregational Society," thus distinctly naming the Congregational Society in Lee, and showing who the principal is ; the promise contained in the note is expressed to be made by the writer " as treasurer of " that society ; it does not promise a payment by the present treasurer at all events, but by him " or his successors in office," which could not be if the note were merely his personal act, and not the act of the corporation whose agent he was ; and the designation of his office is repeated after his signature. In short, the note not only names the principal, describes the relation between the principal and the agent, and declares the note to be made in execution of the agency, but it cannot take effect according to its terms, except as the note of the principal.

As the intention to bind the defendants thus appears upon the face of the note, and it is alleged in the declaration and admitted by the demurrer that the agent had authority to bind them, the judgment must be                *Demurrer overruled.*