ENOCH WINSHIP *vs.* EZEKIEL SMITH and others.

*Construction of contracts.*

In construing a contract, to determine whether the signers intended to bind themselves personally or merely executed it as agents for another party, the intention is to be gathered from the whole instrument and not from any particular collocation of words or form of expression used in signing.

Some inquiries tending to aid in ascertaining the real parties liable in such cases, suggested.

ON REPORT.

The plaintiff sues the defendants to recover pay for building a meeting-house in Phillips, under a contract executed by him and them, entitled, " Agreement between Enoch Winship, contractor, and the building committee." The opening clause is : " I, Enoch Winship, of Phillips, do hereby agree, covenant, and bargain with the trustees and building committee of the new Methodist church society of Phillips, viz.: That I will construct and complete a meeting-house for said trustees and building committee," according to certain " plans and specifications signed by the parties," which are made part of the contract. After the recital of the specifications, the first part of the contract concludes thus : " All parts of the work to be under the inspection of the committee, and the whole to be finished and ready for occupation on or before the 1st of

November, 1867, for the sum of $3000 and the old Methodist meeting-house and lot ; and failing to fulfill the above agreement, I do hereby agree to forfeit five hundred dollars to be recovered by said trustees for the use and benefit of the M. E. church in Phillips." (signed) " Enoch Winship."

The second part then commences : " In consideration of the above agreement, we, the trustees and building committee do agree to pay said Winship,

"1. All our right and title, as trustees and building committee of the new Methodist church society of Phillips, to the M. E. brick house and lot," and goes on to state the times when in the progress of the work the several installments of the cash payment of $3,000 shall be payable.

The six defendants sign this contract with their individual names, against which are written the words, " trustees of the new Methodist church society and building committee."

The only question determined by the court was whether the new Methodist church society or the defendants personally were liable to the plaintiff on this contract. There was a controversy relative to some lien claims and suits, but it is not material to state it. The court were to order a nonsuit or that the action stand for trial, as the law upon the facts reported might require.

*H. L. Whitcomb,* for plaintiff.

The contract was with defendants as individuals. The words written against their names were simply *descriptio personarum.* They are to receive forfeiture, to convey the old house and lot, and the plaintiff agrees with them to build the new house for these trustees and not for the society, according to a plan and specifications (made part of the contract) " signed by the parties," *i. e.,* the parties contracting ; and then the plaintiff and these defendants sign it ! The first cash installment of $500 was payable " when this instrument is signed by the contracting parties." Nothing is done in the name of any society, or of any other person than the defendants. *Stinchfield* v. *Little,* 1 Maine, 231 ; *Fogg* v. *Virgin,* 19 Maine, 352 ; *Chick* v. *Trevitt,* 20 Maine, 462 ; *Tippets* v. *Walk-*

*er*, 4 Mass. 595; *Foster* v. *Fuller*, 6 Mass. 58; *Simonds* v. *Heard*, 23 Pick. 120; *Packard* v. *Nye*, 2 Met. 47; *Stone* v. *Wood*, 7 Cowen, 453.

R. S., c. 73, § 15, does not apply, because this contract shows no purpose to bind any principal, or any one other than those who execute it. The original of this statute was c. 220, Acts of 1823. The cases cited from 19 Maine, 352, and 20 Maine, 462, were decided long since its passage. This last case (*Chick* v. *Trevitt*) is exactly parallel with the one at bar. *Andrews* v. *Estes*, 11 Maine, 267, 270.

*A. C. Phillips* and *S. & J. W. May*, for defendants.

The record of the meeting of the new Methodist church society, holden Aug. 13, 1866, shows that it was the intention of the society to contract for a new Methodist church. The society was duly incorporated, as the records show. R. S., c. 12, §§ 1, 2. It elected nine " trustees," six of whom signed this contract (2 Pick. 345), intending thereby to bind the organization and not the individuals. *Rogers* v. *March*, 33 Maine, 111. This is not a voluntary association; therefore cases cited from 19th and 20th of Maine do not apply.

*Whitcomb*, in reply.

The so-called records are so defective as to fail to prove an organization. It could not delegate the power to contract. *Female Orphan Asylum* v. *Johnson*, 43 Maine, 180.

DICKERSON, J. Assumpsit for labor and materials in erecting a meeting-house in the town of Phillips.

It appears that the proprietors and owners of pews in the Methodist meeting-house in Phillips were duly incorporated into a parish by the name of " the new Methodist church society of Phillips;" that the defendants were duly elected trustees of that parish, and authorized to act in behalf of the corporation upon the subject-matter in controversy.

Previously to the commencement of the work a written agree-

ment was entered into, and the question arises whether the plaintiff contracted with the defendants individually, or in their capacity as trustees and building committee of "the new Methodist church and society of Phillips."

This question is to be determined rather by the meaning to be collected from the whole instrument than that derived from any particular collocation of words, or form of expression. If the object and intent of the parties thus deduced were to bind the principal, such will be the construction given to the contract, however inartificially these may have been expressed. Story's Agency, §§ 154, 261, 263. *Rogers* v. *March*, 33 Maine, 111.

In construing contracts of this description, with respect to the party liable, several questions oftentimes arise ; as, for instance : From whom did the consideration move ? For whose benefit was the contract entered into ? To whom did the plaintiff look for security when he made the contract ? Had the party sued authority to bind his principals ? Did he name his principal in the contract ? Did he intend to bind his principal or himself individually ? The legal rights of the parties depend upon the answers to these questions in a given case, presented for consideration.

The written instrument is entitled, " Agreement between Enoch Winship, contractor, and the building committee," and is signed by the defendants, with the addition, " Trustees of the new Methodist church society and building committee." It begins as follows : " I, Enoch Winship, of Phillips, do hereby agree, covenant, and bargain with the trustees and building committee of the new Methodist church society of Phillips." While the names of the defendants are not mentioned in the body of the agreement, their capacity " as trustees and building committee " is mentioned five times, and the style of the party whose " trustees and building committee " they are, appears three times. In the operative part of the "agreement" the plaintiff stipulates, not with the defendants individually, but with " the same trustees and building committee to construct and complete a house for them."

The plaintiff himself was one of the committee. If the con-

tract were with the individual members of the committee its execution would literally call for the name and signature of the plaintiff, both as a contractor and also as a member of such committee. This would place the plaintiff on both sides of the contract, thus making him appear as contracting with himself. It cannot be supposed that such could be the intention of the parties, or that such can be the construction of the contract.

The old Methodist meeting-house and lot were a part of the consideration for building the house. In providing for the fulfilment of this provision, the agreement stipulates that " the trustees and building committee shall pay said Winship all their right and title, as trustees and building committee of the new Methodist church society of Phillips," to the same premises. The balance of the consideration was to be paid by " the trustees and building committee,"· described as aforesaid.

Upon failure to fulfil his part of the argreement, the plaintiff agrees to forfeit five hundred dollars to be recovered by said trustees for the use and benefit of the M. E. church in Phillips.

It is apparent from this analysis of the agreement that the defendants intended to bind their principal, and not themselves; that the consideration moved from the defendants' principal to the plaintiff; that the contract was for the principal's benefit, and that the plaintiff looked to the principal for security when he entered into the contract. The defendants, moreover, had authority to contract for " the new Methodist church society of Phillips;" named their principal in the contract; and,· according to well-established rules of interpretation, rendered their principals and not themselves responsible. *Mann* v. *Chandler*, 9 Mass. 335; *Rogers* v. *March*, 33 Maine, 111; R. S. of 1857, c. 73, § 15; *Andrews* v. *Estes*, 11 Maine. 268.

If there were nothing in the contract to indicate the capacity in which the defendants acted but the designation of their style or office, as in the cases of *Chick* v. *Trevitt*, and *Fogg* v. *Virgin*, and like cases cited by the plaintiff's counsel, the result would be otherwise. But the contract in the case at bar, as we have seen, is re-

plete with evidence that the defendants acted in behalf of the corporation. While, in order to bind the principal, it is necessary that it should appear that the agent acted for or in behalf of his principal, it is by no means necessary that these identical words be used. It is sufficient if such fact appear by any words apt to show it. The law in such cases makes no particular form of words the exclusive medium of conveying this idea. The question whether in a particular case a person acts as agent is to be determined from an examination of the whole instrument, and not from any prescribed form of language.

Inasmuch as this action cannot be maintained, it is unnecessary for us to consider the other question presented.

*Plaintiff nonsuit.*

CUTTING, BARROWS, TAPLEY, and PETERS, JJ., concurred.

DANFORTH, J., did not concur.