## George P. Harris et al. v. Coleman & Ames White Lead Company et al.

1. CONTRACTS—*Construction of.*—In construing a contract, every word should, when possible, have assigned to it some meaning.

2. PROMISSORY NOTES—*"I or We" Construed.*—In the following promissory note:

"Sixty days after date I or we promise to pay to the order of Geo. P. Harris & Bro., one thousand dollars, with interest at seven per cent per annum from date.

COLEMAN & AMES WHITE LEAD CO.,
Per C. I. WILLIAMS, Sec.,
GEORGE J. WILLIAMS, Genl. Mangr."

"I or we" does not mean that "I" will pay if "we" don't, but "we" is used as the pronoun meaning the corporation, while "I" means Williams, and "or" is to be construed as "and."

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Submitted at the March term, 1895. Reversed and remanded. Opinion filed April 22, 1895.

Harris v. Coleman & Ames White Lead Co.

Edwin F. Abbott, attorney for appellants.

Slusser & Johnson, attorneys for appellees.

Mr. Justice Gary delivered the opinion of the Court.

This is a suit against George J. Williams, as well as the White Lead Co., upon a promissory note as follows:

"$1,000.                        Chicago, March 7, 1893.

Sixty days after date I or we promise to pay to the order of Geo. P. Harris & Bro., $1,000, with interest at seven per cent per annum from date, at 218 1st Nat'l Bk. Bldg.

Coleman & Ames White Lead Co.

Coleman & Ames                 Per C. I. Williams, Sec.
    [seal.]                        George J. Williams,
White Lead Co.,                        Gen'l Mangr.
    Chicago, Ill."

That it is the note of the company is not questioned, but upon demurrer to the declaration the court held that it was not the note of Williams.

Such a holding rejects the "I," contrary to the rule that in a contract "every word should, when possible, have assigned to it some meaning."    Bishop Cont., Sec. 384.

"I or we" does not mean that "I" will pay if "we" don't, but "we" is used as the pronoun meaning the corporation, while "I" means Williams, and "or" is to be construed as "and." No other construction, giving effect to all the words, is possible.

It thus becomes a joint and several note, joint by the words and several by the statute. See cases cited in National Bank of Oshkosh v. Jennings Trust Co., 44 Ill. App. 285. This decision is based upon the case as it comes to us. Whether extrinsic evidence can affect the result is not before us.

The judgment is reversed and the cause remanded.