GEORGE J. WILLIAMS

v.

ARTHUR HARRIS.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*when finding by Appellate Court is not a finding of fact.* If the Appellate Court, upon reversing a judgment in favor of the defendants in a suit on a note, recites in its judgment that it finds "that the note sued upon is upon its face" a joint note of a corporation and its general manager, such finding is not one of fact, but of law, as to the legal effect of the instrument.

2. BILLS AND NOTES—*effect of use of pronoun "I" or "we" in corporation note.* Whether the pronoun "I" or the pronoun "we" is used in the body of a note, if it is signed by the corporation acting by its officer or officers, and bearing the corporate seal, it is the obligation of the corporation.

3. SAME—*when note is the obligation of a corporation alone.* A note reading, "Sixty days after date I or we promise to pay," etc., and bearing the corporate seal, and signed in the name of the corporation, "per C. I. Williams, Sec., George J. Williams, Gen. Mangr.," is not the joint note of the corporation and the general manager, notwithstanding the word "per" is not prefixed to his signature nor his signature joined to the secretary's by the word "and."

*Harris* v. *Coleman & Ames White Lead Co.* 98 Ill. App. 27, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

A. MORRIS JOHNSON, and CRATTY, JARVIS & LATIMER, for appellant.

EDWIN F. ABBOTT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in assumpsit, brought in the circuit court of Cook county by Arthur Harris, the appellee, and his partner, George P. Harris, composing the firm of George P. Harris & Bro., against the Coleman & Ames White

Lead Company, a corporation, and George J. Williams, the appellant, upon the following note:

"$1000.                              CHICAGO, *March 7, 1893.*

"Sixty days after date I or we promise to pay to the order George P. Harris & Bro. one thousand 00/100 dollars, with interest at seven per cent per annum from date, at 218 First Nat. Bk. Bldg.                     COLEMAN & AMES WHITE LEAD CO.

Coleman & Ames              Per C. I. WILLIAMS, *Sec.*
      [Seal.]                     GEORGE J. WILLIAMS, *Gen. Mangr.*
White Lead Co., Chicago, Ill."

The court sustained a demurrer to the declaration and rendered judgment against the plaintiffs for costs. That judgment was reversed by the Appellate Court for the First District and the cause was remanded to the circuit court. (*Harris* v. *Coleman & Ames White Lead Co.* 58 Ill. App. 366.) The cause was re-instated in the circuit court, and George P. Harris having died, it was continued in the name of the plaintiff, Arthur Harris, surviving partner. Pleas were interposed by the defendant, George J. Williams, and, a jury having been waived, the issues were submitted to the court for trial. The defense of George J. Williams was, that the note was executed for the corporation, and in its name, by C. I. Williams, secretary, and said defendant, George J. Williams, general manager, under the seal of the corporation, pursuant to a resolution of the board of directors authorizing the same, and that the note was delivered and accepted as an obligation of the corporation alone. This was the controverted question of fact, and the court found for the defendants and again rendered judgment against the plaintiff for costs. The Branch Appellate Court for the First District reversed the judgment of the circuit court and entered a final judgment for $1505 and costs, reciting in said judgment the following finding: "The court finds that the note sued upon is upon its face a note made by the Coleman & Ames White Lead Company and George J. Williams, and that there is now, November 1, 1901, due thereon from the Coleman & Ames White Lead Company

and George J. Williams the sum of $1000, with interest thereon at seven per cent per annum from March 7, 1893, being in all $1505."

The only fact recited in the findings of the Appellate Court is the amount due on the note, and the finding that the note, upon its face, is the note of the corporation and George J. Williams is a statement of law. It is a finding and determination by the court, as a matter of law, as to the legal effect of the instrument when construed according to its terms. The Appellate Court did not find the facts in relation to the matter in controversy between the parties on the trial different from the facts as found by the circuit court. The judgment of reversal did not result from a different finding of such facts, but from a finding on a question of law, which was regarded as conclusive of the rights of the parties. The Appellate Court therefore held that judgment should be rendered for the amount of the note against both parties, notwithstanding the facts found by the circuit court, and that the rights of the parties could not be controlled or affected by such facts. The judgment of reversal was therefore clearly on questions of law, as in the cases of *Lenz* v. *Harrison*, 148 Ill. 598, and *Hately* v. *Pike*, 162 id. 241. The question raised by the assignments of error upon the record of the Appellate Court is one of legal construction, and if that court was in error in its finding as to the legal effect of the note the judgment should be reversed.

The note was signed by the Coleman & Ames White Lead Company, a corporation, acting by one or more of its officers, and there is no dispute that it was the note of the corporation and created a corporate liability. The names of two officers of the corporation appear below its name and its seal is affixed to the note. It is contended that the word "per" is to be applied to only one of those officers, and because it does not appear before both, and neither are they connected by the word "and," the signature of the second officer, with his official designation,

created an individual liability. We think the word "per" applies to both, and refers as much to one as to the other. If the obligation of a corporation is being executed by two of its officers, it would be both unusual and unnatural to place the word "per" before each name, and where each one signs his own name it would be equally unnatural for the second one to connect his name with the first by the word "and." The word "per" was placed opposite the name of the secretary merely because his name came first, and if the name of the general manager had been written first, the secretary, by the same reasoning insisted upon, would be individually liable. There is no specific form in which commercial paper must be signed by a corporation, but obligations of corporations are generally signed with the corporate name, by the president or some general officer other than the secretary. The secretary of a corporation, so far as creating obligations or conducting its active business, has very limited powers. His duties are clerical. He is to keep the books, papers and records and has the custody of the corporate' seal, which may be affixed to contracts and notes by him and is attested by his signature. A secretary has no general power, by virtue of his office, to make contracts for the corporation or to bind it by evidences of indebtedness. He may bind the corporation by a contract because he has been invested by the board of directors with such power, or has been held out by a course of dealing, or otherwise, as having power to do so. In such cases his authority does not arise from his official position as secretary, merely, but from the action of the directors or the conduct of the corporation. The secretary having no general power to execute notes and contracts by virtue of his office, the contract made through him would require proof of authority or facts from which it would be presumed. The general rule is that a corporation acts through its president or business head and through him executes its contracts and agreements. The contract

pertaining to the business of the corporation within the general powers of such an officer done through him, will, in the absence of proof to the contrary, be presumed to have been authorized by the corporation. (*Atwater* v. *American Exchange Nat. Bank*, 152 Ill. 605; *Bank of Minneapolis* v. *Griffin*, 168 id. 314; *Anderson* v. *South Chicago Brewing Co.* 173 id. 213; *Anderson Transfer Co.* v. *Fuller*, 174 id. 221.) The defendant, George J. Williams, the general manager, belongs to a class of agents whose power and authority in making notes and contracts are very broad, although perhaps not as broad as those of the president. Contracts of such officers, to which the seals of the corporation are annexed, are *prima facie* obligations of the corporation. In view of these rules we think it would be expected that the note of the corporation in this case would be executed through such an officer as the general manager, and not merely by the secretary. He is the officer, rather than the secretary, through whom it is to be presumed the corporation executed its obligations.

We do not regard the use of the words "I. or we," in the body of the note, as affecting or changing the legal import of the instrument. There is no personal pronoun which is properly adapted to use by a corporation in making a note. A proper method is to repeat the name of the corporation in the body of the note, (*Frankland* v. *Johnson*, 147 Ill. 520,) but the word "we" is frequently used by a corporation. (*New Market Savings Bank* v. *Gillet*, 100 Ill. 254.) Whether the pronoun "I" or the pronoun "we" is used in the body of a note, if it is signed by the corporation acting by its officer or officers it is the obligation of the corporation. If the note had contained either pronoun, signed, as it is, by the corporation by its secretary and general manager, with the corporate seal attached, it would be, on its face, the note of the corporation. If the note had been intended as the obligation of both the corporation and Williams, the word "we" would have included both, and it cannot be contended that "I" was

intended to relate to Williams alone and "we" to the corporation alone. In order to have any effect as claimed by counsel, the words "I or we" would have to be changed to "I and we" and then transposed to fit the signatures. That would be to violate rules of construction for the purpose of bringing about an effect contrary to the purport of the instrument.

We conclude that the note, upon its face, is the note of the corporation alone, executed in its name by its secretary and general manager and under its corporate seal. It follows that the judgment of the Appellate Court, based on a contrary finding, was erroneous and should be reversed, leaving the judgment of the circuit court in force.

The judgment.of the Appellate Court is reversed and the judgment of the circuit court is affirmed.

*Judgment reversed.*