## S. O. Derby v. Otto Gustafson.

### Gen. No. 12,868.

1. Promissory note—*when prima facie corporate obligation only.*
A note in the form following is *prima facie* a corporate obligation
only:

"On demand after date, for value received, we promise to pay
to the order of F. Bertheau two thousand oo/100 dollars at our
office, with interest at 6 per cent. per annum.
          DOUBLE USE MITTEN CO.,
               S. O. Derby, Treasurer."

Action of *assumpsit.* Error to the Superior Court of Cook county;
the Hon. Axel Chytraus, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1906. Reversed and remanded.
Opinion filed February 1, 1907.

David S. Geer, for plaintiff in error.

J. B. Langworthy and H. M. Seligman, for defendant in error.

Mr. Justice Smith delivered the opinion of the
court.

Defendant in error, Otto Gustafson, sued plaintiff
in error and the Double Use Mitten Company, in the
Superior Court upon the following promissory note:

"$2,000.                    November 23rd, 1903.

On demand after date, for value received, we promise to pay to the order of F. Bertheau two thousand
and 00/100 dollars at our office, with interest at 6
per cent. per annum.
          Double Use Mitten Co.,
               S. O. Derby, Treasurer."

The declaration consisted of a special count on the
note and the common counts. The company pleaded
that it was not jointly liable with Derby.

Plaintiff in error in his third plea says that he did
not make and execute the said note. The plea was
verified. Issues were joined on the pleas.

On the trial evidence was given by the plaintiff in

error in support of his pleas. At the close of the evidence the court orally instructed the jury to find the issues for the plaintiff. The jury returned a verdict accordingly. Motions for a new trial and in arrest of judgment were overruled, and judgment was entered on the verdict.

The errors assigned raise the question as to whether the note sued on was the note of the corporation, or the joint note of the corporation and plaintiff in error. This is the question discussed in the briefs and arguments of counsel; and it is the pivotal question in the case.

The evidence shows without controversy that the Double Use Mitten Company is a *de facto* corporation, actually engaged in the business for which it was organized; that Ferdinand Bertheau was the president and Sylvester O. Derby was the secretary and treasurer. It appears from the evidence that Bertheau, the president, had loaned the corporation $2,000, and that plaintiff in error executed the note to Bertheau for the corporation to evidence the loan. It further appears that plaintiff in error was not at the time indebted to the corporation or to Bertheau in any amount whatever.

Counsel on both sides of the case have exhibited great industry in searching for and collecting authorities to sustain their respective contentions as to the legal effect of the writings in question. We shall not attempt the impossible task of reconciling the decisions on this branch of the law; nor shall we attempt to review any considerable number of the cases presented to us, for that could not serve any important purpose. A brief statement of our conclusion must suffice.

We think that much of the reasoning of the court in Williams v. Harris, 198 Ill. 501, as to the phraseology of the note there under review, and the manner of its signature is applicable to the note before us, in determining its legal effect. The word "we" is

frequently used by corporations aggregate instead of the words "the company" or "the corporation," and when used in a promissory note to which the name of a corporation is appended it means the company or the corporation. As said in Williams v. Harris, *supra*, "Whether the pronoun 'I' or the pronoun 'we' is used in the body of a note, if it is signed by the corporation acting by its officer or officers, it is the obligation of the corporation."

In our opinion, therefore, the conclusion cannot be drawn from the use of the word "we" in the body of the note before us that the note is the contract of more than one person, or in other words that it is the joint note of the corporation and the plaintiff in error. Scanlan v. Keith, 102 Ill. 634; The New Market Savings Bank v. Gillet, 100 *id.* 254; Reeve v. First National Bank of Glassboro, 23 Atla. Rep. 853; Draper v. Mass. Steam Heating Co. et al., 87 Mass. 338; Liebscher v. Kraus et al., 43 N. W. Rep. at page 166 (74 Wis. 387).

It is contended, however, that upon its face the note in question binds both the company and plaintiff in error Derby, because the latter by his signature did not indicate that he attached the corporate name to the note. It is substantially admitted in argument that if the word "per" or "by" had been placed before his name by Derby it would have indicated that Derby wrote or stamped the name of the corporation to the note, and it would have thus appeared to be the note of the corporation alone. The question then is, was that necessary in order to indicate to any person receiving the note that it was the obligation of the corporation alone, and that Derby executed it merely as the agent of the corporation. In our opinion it was not necessary. It is apparent, we think, on the face of the note itself, that it was executed by Derby as an officer of the corporation. If it had been the intention of the parties to execute a joint note Derby would not have added to his name the word "Treas-

urer," which means nothing in connection with the note, if it does not mean that he signed the name of the corporation to the note as treasurer of the corporation. The word "treasurer" as used upon the note indicates his agency and the capacity in which he was acting. As appended to his name it is meaningless upon the theory that he was signing the note as a joint maker.

In Scanlan v. Keith, 102 Ill. 634-641, 644, it is said: "Much of the contrariety observed in the decisions, both in the American states and in England, no doubt arises out of the equities of each case, and of an effort on the part of the courts to carry out what was supposed to be the intention of the parties executing such notes or bills." And on page 644 it is said: "It is apparent on the face of the note itself, it was executed by him as an officer of the corporation, and if it were not so apparent, it is admissible to show the attendant facts and circumstances by extrinsic evidence from which there can not be the slightest doubt it was the obligation of the corporation."

While we think, as above stated, that it is apparent from the face of the note that it was executed by Derby as an officer of the corporation, the attendant facts and circumstances shown by the record, and above referred to, in connection with the note itself, show clearly that it is the obligation of the corporation alone.

The authority of Derby, plaintiff in error, to execute the note for the Mitten Co. was not questioned in the trial court and is not questioned here, either by cross-errors assigned or in any other way.

No distinction on principle can be drawn between the note sued on in this case and the notes in Miers v. Coates, 57 Ill. App. 216, where it was sought to hold Miers, who signed the notes of the Columbian Athletic Club as treasurer. The authorities cited in that case are directly in point. The reasoning of the

court and the conclusion reached seem to us to be sound.

There is a material distinction between this case, where the corporate name is signed to the note, and many of the cases cited by counsel for defendant in error, where only the name of the agent is signed to the note or obligation and nothing appears on the face of the paper to indicate that it is the obligation of the corporation alone, and not that of the agent. The signature of the corporation admitted to have been signed to the note with the authority of the corporation could not have been made by the corporation itself, and must have been written or stamped on the note by some officer or agent. Manifestly it was proper that such officer or agent should give some indication who it was and the official character in which he was acting, and plaintiff in error added his own name and the designation of his official character. The omission of the word "by" or "per" does not, we think, change the character of the instrument. "The name of the corporation signed first stands as the principal, and that of the officer as agent. The name of the corporation, so placed, raises the implication of a corporate liability. To so place it requires the hand of an agent. The name of an officer of such corporation, to which name the official title is appended, but beneath the corporate name, implies the relation of principal and agent." Reeve v. First Nat. Bank of Glassboro, *supra.*

In our opinion the whole signature appearing on the note, including the name and official designation of plaintiff in error, is but the signature of the corporation only. This conclusion seems to us to rest on rational grounds, and it is supported by many authorities, among which are the following: First Nat'l. Bank v. Glassboro, 23 Atla. Rep. 853; Liebscher v. Kraus, *supra;* Draper v. Mass. Steam Heating Co., *supra;* Latham, Admr., v. Houston Flour Mills et al.,

3 S. W. 462; Bean v. Pioneer Mining Co., 6 Pac. Rep. 87.

It is contended on behalf of defendant in error that the bill of exceptions does not show any motion for a new trial made by any one; also that the assignment of errors is insufficient to question any action of the trial court upon a motion for a new trial. We think it sufficiently appears that a motion for a new trial was made by counsel for plaintiff in error and that he preserved exceptions to the giving of the peremptory instruction to the jury, and to the overruling of the motion for a new trial. The assignment of error is sufficient to bring before this court the questions involved in the case.

The record shows no ground for a judgment against the plaintiff in error, and the judgment is accordingly reversed and the cause is remanded.

*Reversed and remanded.*