**E. F. Ruwisch, Appellee, v. Charles H. Theis, Appellant.**

308

Heard in this court at the February term, 1945. Opinion filed March 5, 1945. Released for publication April 5, 1945.

JOHN B. HARRIS, of Granite City, for appellant.

No appearance for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Madison county, denying and refusing the motion of appellant, Charles H. Theis (hereinafter called defendant) to vacate and set aside a judgment entered as to him, personally, by confession, in the said circuit court.

The note upon which judgment was entered was an ordinary form of note, containing the words, "I, we, or either of us" and signed at the bottom,

"Holsinger–Theis & Co., (Inc.)
J. W. Holsinger
President
Chas. H. Theis
Treasurer"

Judgment was entered upon such note by confession on a narr and cognovit, against Holsinger–Theis & Co., Inc., a corporation, and J. W. Holsinger and Charles H. Theis, individually, for $3,246.15 and costs. Immediately upon learning of such judgment, the individuals filed separate motions to vacate and set aside the judgment as to them, and after taking the matter under advisement, the court below denied the motions, from which the defendant Theis now appeals.

It is the contention of the defendant that the note is a note of the corporation only, and not of the individuals whose names appear thereon, and the defendant, likewise, contends that he was entitled to have the judgment vacated as a matter of right because plaintiff did not, in his original complaint, or otherwise, aver any facts tending to show a personal liability on part of the defendant.

It is apparent that, under the provisions of section 20 of the Uniform Negotiable Instruments Act (1943 Ill. Rev. Stat., ch. 98, par. 40 [Jones Ill. Stats. Ann. 89.040]), the note is *prima facie* the note of the corporation alone and not that of the individuals whose signatures appear above the designation of their offices. The language of the section of the Act involved clearly sets forth that "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized . . ."

Many cases have sustained the principle that a note of the character here involved is *prima facie* that of the corporation (*Derby v. Gustafson*, 131 Ill. App. 281; *Thompson v. Hasselman*, 131 Ill. App. 257). The use of the words, "I, we or either of us" in the note does not, under the facts, establish personal liability on the part of the officers signing the note for the corporation (*Cannon v. Miller Rubber Products Co.*, 128 Ohio St. 72, 190 N. E. 210; *Williams v. Harris*, 198 Ill. 501).

The affirmative affidavit of affiant that the note signed and delivered to plaintiff was delivered not in the individual capacity of the officers, but solely as officers of the corporation, coupled with the *prima facie* evidence that the note was that of the corporation, in absence of any affirmative averments or showing of a personal obligation, justified the vacation and setting aside of the judgment as against the individuals. The court erred in failing to do so. The judgment of the circuit court of Madison county, entered as against the defendant, Charles H. Theis, should have been set aside and vacated, and the order of said circuit court refusing to so set aside and vacate said judgment is, therefore, reversed, and the cause is remanded to such court, with directions to the court below to set aside and vacate said judgment as to the said defendant, Charles H. Theis.

*Reversed and remanded, with directions.*