HARRIS *v.* THE MUSKINGUM MANUFACTURING COMPANY.

HARRIS
v.
THE MUSKIN-
GUM, &c. Co.

The declaration in a suit brought in a corporate name, need not aver the plaintiffs to be a corporation.

The circumstance that a person is a member of an incorporated company, gives him no authority to release a debt due to the corporation.

A plea to a suit by a corporation, stating that the corporation had been dissolved by the acts of its members, without showing the causes and manner of the dissolution,—is insufficient.

In a suit against *Elisha Harris,* alias *Elisha B. Harris,* a judgment against *Elisha Harris* was objected to as evidence on the ground of variance. *Held,* that the objection was untenable.

If in a suit on a judgment, the declaration set out the amount of the judgment correctly, the circumstance that the sum named in the *queritur* is less than the judgment, is not material.

A judgment cannot be taken against the defendant by default; if there are pleas in bar on file upon which issues are joined.

| | |
|---|---|
| 4b | 267 |
| 124 | 206 |
| 4b | 267 |
| 165 | 247 |

ERROR to the *Allen* Circuit Court.

*Friday,
March 24,
1837.*

BLACKFORD, J.—*The Muskingum Manufacturing Company* brought an action of debt against *Harris.* The declaration is, substantially, as follows:—

*The Muskingum Manufacturing Company* complain of *Elisha Harris,* otherwise *Elisha B. Harris,* in custody, &c. of a plea that he render to the plaintiffs the sum of 1,274 dollars and 87 cents, which he owes, &c. For that whereas the plaintiffs, on, &c., at, &c., recovered against said *Elisha B. Harris* 1,274 dollars and 87 cents above demanded, adjudged as their damages, and the sum of 11 dollars and 49 cents for their costs. Whereby an action has accrued to the plaintiffs to demand of the defendant the said sum of 1,274 dollars and 87 cents, as also the sum of 11 dollars and 49 cents costs, above demanded. And it is averred, that the defendant in that cause is the defendant in the present suit. Damages 1,500 dollars.

The defendant pleaded five pleas:—1st, payment; 2dly, accord and satisfaction; 3dly, that *Nathaniel Wilson,* one of *The Muskingum Manufacturing Company,* in consideration of a farm, &c. released the defendant from the debt; which release is lost; 4thly, that since the judgment, the corporation was dissolved by the consent and acts of its members; 5thly, *nul tiel record.* To the first and second pleas there are replications in denial. The third and fourth pleas were demurred

to, and the demurrers were sustained. To the fifth plea, the plaintiffs replied that there was such a record as stated in the declaration. The issue on the plea of *nul tiel record* was tried by the Court and decided in favour of the plaintiffs. On the other issues, the defendant made default.

The final judgment in favour of the plaintiffs is for 1,286 dollars and 36 cents in debt, and 1,086 dollars and 95 cents in damages for the detention of the debt, amounting in all to the sum of 2,373 dollars and 31 cents, together with costs.

The first objection to these proceedings is, that the declaration is insufficient. It is said that the declaration ought to have averred that the plaintiffs were a corporation, and to have shown how they were incorporated. There is no ground for this objection. The name itself implies that the plaintiffs are a corporation. *Norris* v. *Staps*, Hobart, 211. If the plaintiffs were not authorised to sue by the name which they have assumed, the defendant could have denied their existence by a special plea. *The Guaga Iron Company* v. *Dawson*, decided at this term. The declaration before us, so far as regards the objection in question, is in the usual form. *Dean and Chapter of Rochester* v. *Pierce*, 1 Camp. 466.—*United States' Bank* v. *Haskins*, 1 Johns. Cas. 132.

The judgment sustaining the demurrer to the third plea is objected to, but without cause. The circumstance that the person named in the plea was one of the company, gave him no authority to release a debt due to the corporation.

It is contended, that the demurrer to the fourth plea should have been overruled, but we are not of that opinion. The plea, that since the judgment declared on the corporation had been dissolved, is an affirmative plea, and the causes and manner of the dissolution ought to have been shown. To say merely, as this plea does, that the corporation had been dissolved by the consent and acts of its members, is not sufficient. A corporation cannot be dissolved by the consent of its members, except it be by the surrender of their franchise to the government, and an acceptance by the government of the surrender. But this plea shows no such surrender and acceptance, and is consequently bad. 2 Kent's Comm. 310.

On the trial of the issue on the plea of *nul tiel record*, the plaintiffs offered in evidence a transcript of the judgment on which the suit was founded. The evidence was objected to

on the ground of variance, but the objection was overruled. <span>Nov. Term, 1836.</span>
The present suit is brought against *Elisha Harris,* otherwise
*Elisha B. Harris,* and the judgment given in evidence is <span>The State v. Allen.</span>
against *Elisha Harris.* It is said that there is a variance here
as to these names, but we do not think the objection is tena-
ble.  It is also said, that the judgment given in evidence does
not agree, as to the amount of the debt, with the judgment
declared on.  In this, the defendant is mistaken.  The body·
of the declaration shows the amount recovered in *Ohio* to be
1,274 dollars and 87 cents damages, and 11 dollars and 49
cents costs.  The transcript admitted in evidence agrees with
that statement.  The circumstance that the sum demanded in
the *queritur* of the declaration is for a less amount, is not
material. *Lord* v. *Houstoun,* 11 East, 62.

There is, however, an error in these proceedings for which
the judgment must be reversed.  There are two pleas to the
action, viz. payment and accord and satisfaction—upon which
issues were joined by the plaintiffs.  These issues have not
been tried.  A judgment could not be taken by default over
these pleas.  When the defendant was called and failed to
appear, the only course for the plaintiffs to take was, to have a
jury impanelled to try the issues on these pleas, in the same
manner-as if the defendant had appeared and defended the
cause.  2 Arch. Prac. 28.—Graham's Prac. 631.

*Per Curiam.*—The judgment is reversed, and the proceed-
ings subsequent to the entry of the defendant's default set
aside, with costs.  Cause remanded, &c.

*C. W. Ewing, J. S. Newman,* and *D. H. Colerick,* for the
plaintiff.

*H. Cooper* and *S. C. Sample,* for the defendants.

