## BROWN *v.* HOLLENBECK.

It is error to render a judgment by default if a plea is on file in the case. After a plea is filed the issue should be tried.

Brown *v.* Hollenbeck.

### *Error to Linn District Court.*

*Opinion by* GREENE, J.   In the court below judgment was rendered against Brown by default.   But it appears that on the day previous, and within the time required by rules of court, a plea had been filed.

The practice is too well settled to admit of doubt, that judgment by default cannot be entered if a plea in bar is on file in the case.   *Davis* v. *Brady* Morris 101; *Elliott* v. *Leak* 4 Miss. 540; *Conell* v. *Marks* 1 Scam. 391; *Manlow* v. *Beuner* ib. *Harris* v. *Muskingum Man. Co.* 4 Blackf. 267; *Maddox* v. *Pulliam* 5 Blackf. 205.

The decisions are uniformly to the effect, that after a plea is filed in a case, the issue should be tried by a jury, even if the defendant does not answer on being called.

As counsel, in order to delay the collection of a debt, by securing a reversal of the judgment, may file their plea in a silent manner without notice to the opposing counsel or the court, and then withdraw or otherwise intimate that they have no defense; the district judges should invariably inquire whether there is a plea on file, before suffering a judgment by default to be entered.

In this case the plaintiff below appears by the record to have had a just claim against the defendant, but still the judgment must be reversed, rather than depart from a salutary and well settled rule of practice.

Judgment reversed.

*N. W. Isbell*, for plaintiff in error.

*I. M. Preston*, for defendant.