LOVE *v.* BOHAN.

Suit before a justice, under the R. S. 1843, upon a note without date, payable, in terms, two years after date, and, if not paid at maturity, then to be due in twelve months afterward at 6 per cent. from a preceding specified period. The defendant appeared before the justice, and, the transcript recites, filed his plea as the law directed, wherein it appeared that the title to real estate would come in question and be put in issue on the trial; whereupon the justice certified the cause to the Circuit

Court. The defendant having failed to appear in the Circuit Court, a judgment by default was rendered against him, without an inquest of damages by the jury. *Held,* that the transcript showed, *prima facie,* that the cause was properly transferred to the Circuit Court. But, *held,* that the general issue being in, by virtue of the statute, and extrinsic evidence being necessary to prove the date of the note, a jury should have been impanneled to try the cause, as if the defendant had appeared and defended the action.

The only office of a plea before a justice that the title of lands will come in question, is to remove the cause to the Circuit Court, which then proceeds with it to final judgment as though it had been commenced in that Court.

That plea tenders no issue for trial, its effect being the same whether true or false.

ERROR to the *Delaware* Circuit Court.

PERKINS, J.—*Bohan,* assignee, &c., sued *Love* before a justice of the peace, on a promissory note reading as follows:

Two years after date, I promise to pay unto *Jacob Crowsore* 60 dollars for value received of him, and if not paid when due, then due in twelve months after, at 6 per cent. from the 22d day of *January,* 1844. *Isaiah Love.* [Seal].

The note is without date. There is one assignment on it of *March* 3, 1847, and another bearing date *June* 23d, of the same year.

The suit was commenced on the 5th of *February,* 1849, being less than two years after the date of the first assignment.

The defendant appeared before the justice, and, the transcript recites, filed his plea " as the law directs, wherein it appears that the title to real estate will come in question and be put in issue on the trial;" whereupon the cause was certified to the Circuit Court. This plea was not copied into the record.

In the Circuit Court the defendant failed to appear, and judgment by default, without an inquest of damages by jury, was rendered against him for 68 dollars and 45 cents, and costs.

To that judgment it is objected in this Court,

1. That it does not appear that the Circuit Court had jurisdiction of the cause in which it was rendered; and,

2. That it should not have been rendered, even if jurisdiction existed, without the verdict of a jury authorizing it.

Upon the first point, it is claimed to be indispensably necessary that the plea raising the question of title to real estate, should appear in the record, to show that the cause was rightly certified to the Circuit Court; but we do not think so. The statute enacts that when such a plea, verified by oath, is filed, or when it shall appear on the trial by the proof that the title to real estate will come in question, the justice shall certify the cause to the Circuit Court, and file a transcript of his proceedings, "with all the papers belonging to such cause," in the clerk's office; whereupon the Circuit Court "shall proceed therein in the same manner as if such cause had been originally commenced in such Court, without further notice or process." R. S. 1843, p. 872. The transcript in this case states that the plea specified by the statute was filed, and the cause, in consequence, certified by the justice to the Circuit Court; and as the justice was not bound to copy the papers in the cause at length into his transcript, but simply to file them with it in the clerk's office, we think it *prima facie* appears that one of the conditions precedent, performance of which required a transfer of the cause to the Circuit Court, had been performed, and that, hence, the cause was rightly in that Court.

Upon the second point, viz., the necessity of a jury, it is argued that on the failure of the defendant to appear when the cause was called for trial, it was necessary that a jury should have been impanneled to try the issue upon the plea raising the question of title to real estate, and also to assess the damages upon the cause of action.

No jury was necessary to decide upon the truth of the plea averring that the title to real estate was involved. No action was to be had upon that plea in the Circuit Court. Its only office was to remove the cause to that Court. When it had done that, it dropped out of the case, which, by the statute, the Circuit Court then pro-

May Term,
1853.

LOVE
v.
BOHAN.

ceeded with to its final determination, as though it had been commenced in that Court. Whether the plea were true or false was immaterial, its effect being simply, like that of an appeal, to transfer the cause to the Circuit Court for trial, without, however, the security for the final judgment furnished by an appeal-bond.

But a jury was necessary to try the cause upon the general issue. The suit having originated before a justice of the peace, the law gave the defendant the benefit of that issue. The instrument sued on was without date, and its collection could not be forced till three years from its execution had elapsed, the option being left with the maker to delay its payment for that length of time by paying interest from a certain date. The time of its execution was necessarily to be proved by evidence *dehors* the note, and constituted a fact which the Court could not determine in the absence of a jury, except by the consent of the defendant. When the defendant was called, therefore, and failed to appear, the only course left to the plaintiff was to have a jury impanneled to try the general issue, in the same manner as if the defendant had appeared and defended the action. *Harris* v. *The Muskingum Manufacturing Company*, 4 Blackf. 267.—*Phipps* v. *Addison*, 7 *id.* 375.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the plaintiff.