Allemong *et al. v.* Simmons *et al.*

No. 13,308.

ALLEMONG ET AL. *v.* SIMMONS ET AL.

VERDICT.—*Answers to Interrogatories.—Judgment.*—Where there is any reasonable hypothesis upon which the general verdict and the answers to interrogatories can be reconciled, the general verdict will control the judgment of the court.

CORPORATION.—*Railroad.—Contract for Construction of Roadway.—Director's Unauthorized Act.*—A railroad company is not bound by a contract for the construction of the roadway made by one of its directors without authority; and the fact that the director owns a majority of the stock of the company does not alter the rule.

SAME.— *Garnishment.—Estoppel.*—The director of a railroad company, with whom the company had a contract for the construction of a portion of its roadway, without authority from the company, made in the company's name a contract with certain contractors for the same portion of the roadway. After the contract was made the company was consolidated with another company. An action was brought upon an indebtedness claimed to be due from the contractors to the plaintiffs, and the corporations were garnisheed. There was no evidence that when the work was done under the contract by the principal defendants, either of the corporations had any knowledge of the unauthorized contract of the director. Although the corporations were garnisheed there was nothing to indicate that the contractors were looking to them for payment; nor did the estimates, which showed no more than that the materials furnished and work done were for the building of the line of the road of the consolidated corporation, indicate that the contract was made with the company. Estimates were made by the director's engineer to the chief engineer of the consolidated corporation, he supposing that they were for work done and material furnished by the director to the corporation under his contract.

*Held,* that on the evidence the company was not estopped to deny the indebtedness claimed.

From the Marion Superior Court.

*J. L. McMaster* and *A. Boice,* for appellants.

*G. W. Friedley* and *G. R. Eldridge,* for appellees.

BERKSHIRE, J.—This action was brought by the appellants Allemong, Baer, and Henking, upon an indebtedness alleged to be due them from the appellees Ayleshire and Simmons. At the same time proceedings in attachment were

instituted, and proceedings in garnishment commenced against the appellees the Louisville, New Albany and Chicago Railway Company, and the Chicago and Indianapolis Air Line Railway Company.

The other appellants became parties to the action as claimants, filing under the proceedings in attachment.

Issues were joined in the main action, and also in the ancillary proceeding. There was a jury trial, and a general verdict returned by the jury against the appellees Simmons and Ayleshire in both the main action and the proceedings in attachment, and in favor of the appellees, the said corporations.

At the same time the jury returned certain interrogatories that had been propounded to them, together with their answers thereto.

The appellants moved for judgment upon the answers to the said interrogatories, notwithstanding the general verdict in favor of the said Louisville, New Albany and Chicago Railway Company, and the said Chicago and Indianapolis Air Line Railway Company, which motion the court overruled, and the appellants excepted.

The appellants then moved for a new trial, which motion was overruled, and they reserved exceptions.

There were some other motions made by the appellants, but as the whole ground is covered by the questions presented by the motions for a judgment *non obstante* and for a new trial, we need not notice them further.

From the judgment rendered at special term the appellants appealed to general term, and assigned error, and the judgment at special term having been affirmed in general term, they prosecute this appeal, and assign as error the ruling of the court in general term affirming the judgment at special term.

The following are the interrogatories propounded to the jury, together with the answers to the same:

"THE PLAINTIFFS' INTERROGATORIES.

"The plaintiffs then asked to submit the following interrogatories in case the jury made a general verdict, which were submitted to the jury, and answered as follows:

"1. Was not the Chicago and Indianapolis Air Line Railway Company incorporated under the laws of the State of Indiana on the 27th day of January, 1880? Answer. Yes.

"2. Was not the railway company mentioned in the preceding question consolidated with the Chicago and Dyer Railroad company, a corporation of the State of Illinois, on the 29th day of. January, 1880, under the name and style of the Chicago and Indianapolis Air Line Railway Company, by articles of consolidation? Answer. Yes.

"3. Was not Henry Crawford a director in said consolidated company last named? Answer. Yes.

"4. Was not Henry Crawford the owner of five-sixths of the stock of said company, and if not, how much did he own? Answer. Yes.

"5. Did not the defendants, James A. Simmons and Joseph P. Ayleshire, have a contract for the construction of the roadway of said consolidated company from Delphi, Carroll county, Indiana, to Indianapolis, Marion county, Indiana, purporting to be executed in the name of said Chicago and Indianapolis Air Line Railway Company, by Henry Crawford on the one part, and the said Simmons and Ayleshire on the other part, bearing date June 28th, 1881? Answer. Yes.

"6. Did not said Simmons and Ayleshire believe in good faith that said contract was what it purported to be, namely, a contract between them and said Chicago and Indianapolis Air Line Railway Company? Answer. Yes.

"7. Did not said Simmons and Ayleshire work upon the construction of said roadway, believing in good faith that it was a valid and subsisting contract between them and said company, and so believing, were not said Simmons and Ayleshire at work upon the construction of said roadway under

said contract in and during the month of May, 1882? Answer. Yes.

" 8. Were not the estimates made out in the name of said company, showing the work of construction to have been done by said Simmons and Ayleshire for said company, and was not that the way in which their construction accounts were stated? Answer. No.

" 9. Was not the estimate for the work done by said Simmons and Ayleshire in the construction of said roadway for the month of May, 1882, made out in the form and manner stated in the last preceding question? Answer. Yes.

" 10. Did not said estimate for the month of May, 1882, show said company to be indebted to said Simmons and Ayleshire in the sum of $6,857.17, after deducting the five per cent. reserved by said company? Answer. Yes.

" 11. Did not said statement show the reserve of five per cent. on the cost of construction retained in the hands of said company to be $11,996.22 at that time? Answer. Yes.

" 12. Were not these amounts the sums then due to said Simmons and Ayleshire upon the work of construction prior to and during the month of May, 1882? Answer. Yes.

" 13. Was not the Chicago and Indianapolis Air Line Railway Company consolidated with the Louisville, New Albany and Chicago Railway Company August 10th, 1881, the name of the consolidated company being the Louisville, New Albany and Chicago Railway Company? Answer. Yes.

" 14. Was not Marshall Morris the chief engineer of said consolidated company, and superintendent of the construction of the roadway thereof between said Delphi and Indianapolis from March, 1882, until after the completion of the same? Answer. Yes.

" 15. Was not said Morris acting in that capacity prior to and during the month of May, 1882, and for some time subsequent thereto? Answer. Yes.

" 16. Did not said Morris see said contract for construc-

tion, purporting to be between said Simmons and Ayleshire and said Chicago and Indianapolis Air Line Railway Company, and did he not know that said Simmons and Ayleshire were working thereunder? Answer. Yes.

" 17. Did not said Morris have the knowledge referred to in the previous question, prior to and during the month of May, 1882, and did not he see the estimates made before and for said month, and subsequent thereto? Answer. Yes.

" 18. Did not the Louisville, New Albany and Chicago Railway Company accept the work done as aforesaid by said Simmons and Ayleshire, after said Morris had seen said contract and said estimates of said work done upon said roadway? Answer. Yes.

" 19. Was not said Louisville, New Albany and Chicago Railway Company served with summons as garnishee in this action on the 15th day of May, 1882? Answer. Yes.

" 20. Are there not due from the defendants, Simmons and Ayleshire, to the several plaintiffs herein, sums as follows:

To Albert W. Allemong, Louis Baer and
    Frederick C. Henking . . . . . . . $1,334 10
To John and Edward Henderson . . . 1,594 92
To John Doges and Wm. H. Andrews . 1,818 11
To John T. Holliday, Frank J. Holli-
    day and Wm. H. Harvey . . . . .  690 12
To Sylvanus M. Brandyberry . . . .   97 96
To James M. Kerr . . . . . . . . .  832 76

"Answer. Yes.

" 21. Were not the defendants, Simmons and Ayleshire, non-residents of the State of Indiana at the time of the commencement of this action, and are they not still such non-residents? Answer. Yes.

" THE DEFENDANT'S INTERROGATORIES.

" The Louisville, New Albany and Chicago Railway Company, defendant, asked the following interrogatories, which were submitted and answered as follows:

"Interrogatory No. 1. Do you find from the evidence that the New Albany company paid Simmons, Ayleshire & Co. any money for work done by them on the Air Line after the consolidation? Answer. No.

"Interrogatory No. 2. If you answer the first interrogatory, 'Yes,' then state the amount paid and by whom paid, and the date of such payment. Answer. —

"Interrogatory No. 3. Do you find from the evidence that the New Albany company had any dealings or transactions with Simmons, Ayleshire & Co. after the consolidation, as contractors, other than through Henry Crawford as the original contractor? Answer. No.

"Interrogatory 4. If you answer interrogatory No. 3, 'Yes,' then state what such dealings and transactions were, with whom had, and when, as shown by the evidence? Answer. —

"Interrogatory No. 5. Do you find from the evidence that the New Albany company paid all money it paid out after the consolidation, for constructing the Air Line road, to Henry Crawford? Answer. Yes.

"Interrogatory No. 6. If you answer the last interrogatory in the negative, then state from the evidence to whom said New Albany company paid such moneys, other than Crawford, after the consolidation, and the amounts and dates of such payments. Answer. —.

"Interrogatory No. 7. Do you find from the evidence that the New Albany company settled in full with Henry Crawford for all work done in constructing the Air Line road? Answer. Yes."

We do not think the court erred in overruling the said motion.

It is a well-established rule of this court, that if there is any reasonable hypothesis upon which the general verdict, and the answers returned by the jury to interrogatories propounded to them, can be reconciled, the general verdict will control the judgment of the court. *Redelsheimer* v. *Miller*,

107 Ind. 485; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460; *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234.

We observe no inconsistency between the general verdict and the answers to the interrogatories.

The answers to the interrogatories, as will appear further on when we come to discuss the questions arising upon the action of the court in overruling the motion for a new trial, disclose no indebtedness existing between the appellees Simmons and Ayleshire, and the appellee the said corporation.

It must be conceded that the appellee the said Louisville, New Albany and Chicago Railway Company, after the consolidation, became bound to perform all of the obligations yet to be performed of the other appellee corporation, and liable for the payment of all of its outstanding indebtedness, and if the said appellee, the said Chicago and Indianapolis Air Line Railway Company, was bound to the performance of the stipulations and obligations as the party of the second part of the contract that had been entered into with Simmons and Ayleshire, then the said appellee, the said Louisville, New Albany and Chicago Railway Company, became so liable.

But the evidence discloses no such liability on the part of said Chicago and Indianapolis Air Line Railway Company. The contract was executed June 28th, 1881, and was signed by Simmons & Co. for themselves and by Henry Crawford for the railway company.

There is not one scintilla of evidence to indicate that Crawford had any authority to enter into the contract for the railway company; upon the other hand, the evidence discloses that he had no such authority. It is true Crawford was one of the directors of the company, and held a majority of the stock, but the existence of these facts conferred upon him no power to make contracts for the corporation. It could only be bound by the action of its board of directory;

the board could have conferred on Crawford this power, but there was no evidence that it had done so.

Crawford, as one of the directors, had no more authority or power than any other director; the board consisted of five members, and three constituted a quorum; less than three could make no binding contract for the corporation. *Harris* v. *Muskingum Mfg. Co.*, 4 Blackf. 267; *Gashwiler* v. *Willis*, 33 Cal. 11.

Section 9 of the act under which the Chicago and Indianapolis Air Line Railway Company was organized, provides that "The directors of such company shall have power to make by-laws for the management and disposition of stock, property and business affairs of such company not inconsistent with the laws of this State, and prescribing the duties of officers, artificers and servants that may be employed, and for the appointment of all the officers for carrying on all the business within the object and purposes of such company." Section 3897, R. S. 1881.

This, of course, means a majority of the directors. There is no provision in the statute giving to the stockholders any such power. Morawetz Corporations, sections 243, 337; Pierce Railroads, 30.

The contract which Simmons and Ayleshire executed with Crawford was the mere personal engagement of Crawford with the said parties. *Tileston* v. *Newell*, 13 Mass. 406; *Harris* v. *Muskingum Mfg. Co., supra; Roberts* v. *Button,* 14 Vt. 195; *Wheelock* v. *Moulton,* 15 Vt. 519 (522).

There is nothing in the evidence tending to show an estoppel.

At the date at which the contract was made with Simmons and Ayleshire the two corporations had each a contract with Crawford to furnish the materials and construct that part of the road covered by the contract with Simmons and Ayleshire.

There is nothing to indicate that when the work was done,

covered by the May estimate of 1882, the corporations, or either of them, had knowledge of the contract with Simmons and Ayleshire. It is true the said appellees had been summoned to answer to the proceedings in garnishment, but there was nothing to disclose to them that Simmons and Ayleshire were looking to them, or either of them, for payment.

There is nothing in the estimate to indicate that the work was done or the materials furnished under a contract with the appellee, the said Chicago and Indianapolis Air Line Railway Company, or that it was so claimed. The estimate indicated that the materials furnished and work done were in building the line of road owned by the consolidated corporations, but they had the right to suppose that they were chargeable with the materials and work to Crawford under the contracts made with him.

The witness Morris, whose deposition was taken by the appellees, but read in evidence by the appellants, testified that the estimates were made by Jackson, Crawford's engineer, and that they came to him, as he supposed, for work done and materials furnished to the said corporations by said Crawford under his contract with them.

Simmons and Ayleshire were bound to a knowledge of the law when they entered into the contract, and to know that Crawford could not bind the corporation without its authority given so to do. The evidence shows that the appellees, the said corporations, acted in good faith, and paid the party in full with whom they contracted.

In their depositions Lewis, the secretary and treasurer, and Veech, the president of the consolidated corporation, testify that the said corporations had no contract with Simmons and Ayleshire, and that there was no indebtedness due from the said corporations, or either of them, to the said parties.

We have not noticed the instructions complained of. They

were more favorable to the appellants than they had a right to ask.

The court might with great propriety have instructed the jury to find for the appellees, the said corporations.

We find no error in the record.

Judgment affirmed, with costs.

Filed Feb. 20, 1890; petition for a rehearing overruled June 3, 1890.