WILLIAM A. GLEASON

*vs.*

SANITARY MILK SUPPLY COMPANY & THOMAS A. HUSTON.

Kennebec.    Opinion January 12, 1900.

*Corporation Note.    Pleading.    Practice.    R. S., c. 82, § 84.*

A promissory note, beginning, "We promise to pay," and signed, "The Sanitary Milk Co., T. A. Huston, Trs." is the several note of the milk company and not the joint note of the company and its treasurer.

*Held;* that the note is not admissible under a declaration declaring upon it as a joint note of the corporation and its treasurer.

In actions of contract against more than one defendant, the jury may return a separate verdict as to each defendant, or as to two or more defendants jointly, and judgments shall be entered accordingly.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

Exceptions by defendants.    This was an action of assumpsit, brought against the defendants jointly, upon two counts; one count setting out that the said defendants, at Auburn, on the nineteenth day of September, 1898, by their promisory note of that date, by them signed, for value received, promised W. A. Gleason, the plaintiff, to pay him, or order, the sum of ninety dollars and no cents, at First National Bank of Auburn, Me.    The second count was the money count, with no specifications.

In the trial of the case in the Superior Court, for Kennebec county, no claim was made to recover upon any contract other than that contained in the note described in the first count.

It was admitted that the Sanitary Milk Supply Company was a corporation duly organized by law; and there was testimony introduced tending to show that the defendant, Thomas A. Huston, was treasurer of the corporation at the time the note in question was given.

1.   Counsel for plaintiff offered in evidence the following note:

"$90.00                          Auburn, Me., Sept. 19th, 1898.

Four months after date we promise to pay to the order of W. A. Gleason, ninety dollars at First National Bank of Auburn, Me. Value received.

The Sanitary Milk Supply Co.

T. A. Huston, Treas."

Objection was taken by defendants, on the ground that the note offered did not conform to the note declared upon. But the note was admitted subject to exception.

2.   The plaintiff was called, and having been shown the note, the following question was put: " State as fully and accurately as you can recollect it, the conversation which you had with Huston."

Objection was thereupon made to any part of the testimony that would tend to contradict or vary the note. Subject to such objection, the plaintiff further testified, in answer to questions, as follows:

"Ques.   Did he (Huston), or not, state anything about giving you a company note?

"Ans.   I didn't hear him say anything about a company note; no, sir.

"Ques.   And your understanding was that you were to receive whose note?

"Ans.   Mr. Huston's; that is what I supposed."

3.   The defendants requested the following instructions:

(1.)   The omission to write the word "by" before the name of T. A. Huston, making the signature read "The Sanitary Milk Supply Co., By T. A. Huston, Trs." does not change the apparent character of the instrument.

(2.)   The whole instrument construed together in all its parts shows it to be the signature of the Sanitary Milk Supply Co., and not T. A. Huston.

(3.)   A joint promise having been alleged, the action must fail if the evidence proves a promise by one only, and not by both.

In regard to the above requested instructions the court said:

VOL. XCIII.   35

" I think I have given sufficient instructions upon the point. The note itself, upon its face, would not hold Huston if nothing more was shown. I think I will rule, for the purposes of this case, that the form of action is sufficient to sustain a judgment against the Milk Supply Co."

The defendants also took exceptions to the charge to the jury as follows:—

(1.) The defendants claimed that the note in the case must speak for itself, and must be interpreted by the court, and that the jury would not be authorized to consider conversations tending to contradict or vary the note.

Upon this point the court instructed the jury as follows:

" Ordinarily, a promissory note put into a case by the plaintiff is sufficient to make out a prima facie case against the defendant, if the signature is not disputed and the only question is what is called the general issue of never promised. It is not so in case there are any ambiguities, any indications upon the note itself which show that the party attempted to be holden did not sign the note in the capacity of a maker. In this case the plaintiff was permitted to go further and introduce evidence having a tendency to show that T. A. Huston, who adds the letters Tr or Trs after his name, signed as maker, and with the intention of being held as maker.

"Now there is no denial in this case so far as the Sanitary Milk Supply Co. is concerned that that company is holden; I do not understand that there is any pretense that that company is not a maker of the note. But it is claimed that the Milk Supply Co. is the only maker of the note, and that the name of T. A. Huston placed after it on this note was the name of the agent who wrote the name of the corporation, the Sanitary Milk Supply Co. Now if you shall find that T. A. Huston simply acted as the agent of the company in signing the corporation name, why then he can not be holden as maker. But if you shall find that T. A. Huston signed that note as a maker, intending to be held as a joint promisor on the note, why then your verdict would be against him also.

"Now it has been held in this state that a note signed in this way and written substantially in this way, we promise to pay to the order of A. B., the payee, and signed with a corporate name with a name following, and the added letters 'Pres' or 'Prest,' is the note of the corporation only, and does not hold the individual. But I have permitted evidence to be introduced here to show in what capacity Huston signed this note, and if you shall be satisfied from the evidence that he did sign as maker, you would be authorized to find a verdict against him as well as against the company."

(2.)　The defendants claimed that the action being against them as joint promisors, could not be maintained in its present form, upon a contract made by one of the defendants alone.

Upon this point the court instructed the jury as follows:

"If you find that the Sanitary Milk Supply Co. alone promised, and that the name of the corporation was written in there by Mr. Huston as the agent, then your verdict would be that the defendant Sanitary Milk Co. did promise, and assess damages."

To all the foregoing rulings and instructions and refusals to instruct, and to the admission of so much of the above stated evidence, as was admitted against the defendants' objection and exception, the defendants excepted.

Verdict was for plaintiff for $92.35.

*W. C. Philbrook and C. W. Hussey,* for plaintiff.

No brief of plaintiff's counsel was received by the Reporter.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for defendants.

Variance:　*Cates* v. *Campbell,* 3 Cal. 192; *Morrison* v. *Bradley,* 5 Cal. 503; *Farum* v. *Cram,* 7 Cal. 136; *Faulkner* v. *Faulkner,* 73 Mo. 327; *Whittemore* v. *Merrill,* 87 Maine, 456; *Perkins* v. *Cushman,* 44 Maine, 484; *Gragg* v. *Frye,* 32 Maine, 283; *Kidder* v. *Flagg,* 28 Maine, 477.

Parol Evidence:　*Barlow* v. *Cong. Soc.,* 8 Allen, 460; *Sturdivant* v. *Hull,* 59 Maine, 172.

The liability of the defendant as maker of a negotiable promissory note must be determined by the instrument alone. Affirmed in *Rendell* v. *Harriman,* 75 Maine, 497.

Parol evidence is inadmissible: *Hancock* v. *Fairfield,* 30 Maine, 299; *S. C.* 34 Maine, 93; *Shaw* v. *Shaw,* 50 Maine, 94.

Instructions and refusal to instruct jury as requested, erroneous in two respects. (1.) The jury were permitted to interpret a written instrument, complete in itself, which it was the sole province of the court to interpret. *Brown* v. *Orland,* 36 Maine, 376; *Guptill* v. *Damon,* 42 Maine, 271; *Randall* v. *Thornton,* 43 Maine, 226; *Nash* v. *Drisco,* 51 Maine, 417; *Simpson* v. *Norton,* 45 Maine, 281; *State* v. *Patterson,* 68 Maine, 473; *Herbert* v. *Ford,* 33 Maine, 90.

(2.) The jury were allowed to consider parol evidence, and by so doing to vary the express written contract of the parties. Cases supra. *Sturdivant* v. *Hull,* 59 Maine, 172; *Mellen* v. *Moore,* 68 Maine, 390; *Ross* v. *Brown,* 74 Maine, 352; *Rendell* v. *Harriman,* 75 Maine, 497; *Chadwick* v. *Perkins,* 3 Maine, 399; *Sylvester* v. *Staples,* 44 Maine, 496; *Osgood* v. *Davis,* 18 Maine, 146; *Jarvis* v. *Palmer,* 11 Paige Ch. 650; 2 Kent Com. 556; *Mariner's Bank* v. *Abbott,* 28 Maine, 280; *Palmer* v. *Fogg,* 35 Maine, 368; *Williams* v. *Smith,* 48 Maine, 135; *Waterville Bank* v. *Reddington,* 52 Maine, 466; *Bell* v. *Woodman,* 60 Maine, 465; *Ames* v. *Hilton,* 70 Maine, 36.

Counsel also cited: *Draper* v. *Mass. Steam Heating Co.,* 5 Allen, 338, *Atkins* v. *Brown,* 59 Maine, 90; *Castle* v. *Belfast Foundry Co.,* 72 Maine, 167.

SITTING: PETERS, C. J., HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

HASKELL, J. Assumpsit against two defendants upon their joint promissory note. Plaintiff read in evidence, subject to exception, a promissory note beginning: "We promise to pay," and signed, "The Sanitary Milk Co. T. A. Huston, Trs." This was the several note of the Milk Company, and not the joint note of the company and its treasurer. *Draper* v. *Mass. Steam Heating Co.,* 5 Allen, 338; *Miller* v. *Roach,* 150 Mass. 140. The note was there-

fore inadmissible under the count that misdescribed it, for that describes a joint note, while the note admitted was a several note. *Atkins* v. *Brown*, 59 Maine, 90.

Under the money count the plaintiff might recover of the Milk Company, as he seems to have taken its several note in payment of his debt. This he may do by force of R. S., c. 82, § 84. "In actions of contract against more than one defendant, the jury may return a separate verdict as to each defendant, or as to two or more defendants jointly, and judgments shall be entered accordingly." *Smith* v. *Loomis*, 72 Maine, 51 ; *Castle* v. *Belfast Foundry Co.*, 72 Maine, 167.

The judge allowed the jury to determine in what capacity the defendant Huston signed the note. This was error. The note speaks for itself. The verdict was against both defendants. It should have been against the Milk Company only.

*Motion and exceptions sustained.*