ENGLISH & SCOTTISH AMERICAN MORTGAGE & INVESTMENT COMPANY V. GLOBE LOAN & TRUST COMPANY ET AL.

FILED DECEMBER 2, 1903.   No. 13,072.

Promissory Note: SIGNATURE: LIABILITY. ' A note was signed "Globe Loan & Trust Co., H. O. Devries, Presdt., W. B. Taylor, Secy." *Held.* That such note on its face shows no personal liability on the part of Devries or Taylor.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE.   *Affirmed.*

*Arthur C. Wakeley,* for plaintiff in error. .

*L. D. Holmes, contra.*

ALBERT, C.

This action was brought by the English & Scottish American Mortgage & Investment Co., against the Globe Loan & Trust Co., Emma O. Devries, as administratrix of the estate of H. O. Devries, deceased, and W. Beach Taylor, on a promissory note of which the following is a copy:

"$982.13.                 OMAHA, NEB., March 1, 1898.
      "Globe Loan & Trust Co., Omaha, Nebraska.
   "On or before two years after date, we promise to pay to· the English & Scottish American Mortgage & I. Co., or order, nine hundred and eighty-two and 13-100 dollars, for value received; negotiable and payable at the office of the Globe Loan & Trust Company, Omaha, Nebraska, with interest at the rate of six per cent. per annum from date until maturity.            GLOBE LOAN & TRUST CO.,
                        "H. O. DEVRIES, *Presdt.*
                        "W. B. TAYLOR, *Secy.*"

Only the last named defendant is concerned in the litigation at this time.   As a defense to the note, he pleaded that it was the note of the trust company alone, and that he signed as secretary in order to give it effect as the obligation of such company, and for no other purpose.   On the

trial of the issues joined between the plaintiff and Taylor, the former offered the note in evidence, and it was excluded on the ground that it appeared on the face of the note that it was the obligation of the trust company, and not the personal obligation of such defendant. Judgment was given for Taylor, and the plaintiff brings error.

The sole question in this case is whether the note on its face shows a personal liability on the part of Taylor. If it does the judgment of the district court is wrong and should be reversed.

The plaintiff contends that the mere addition of the official title of an officer of a corporation to his signature on a note does not make it the note of the corporation, and that a note thus signed is the personal obligation of the officer thus signing it. Among the authorities cited in support of this contention are the following: *Andres v. Kridler,* 47 Neb. 585; *Hays v. Crutcher,* 54 Ind. 260; *Scott v. Baker,* 3 W. Va. 285; *Rendell v. Harriman,* 75 Me. 497; *Casco Nat. Bank v. Clark,* 139 N. Y. 307; *Tucker Mfg. Co. v. Fairbanks,* 98 Mass. 101. In none of the foregoing cases, however, is the name of the corporation itself attached to the note as maker, and those cases appear to rest on the familiar rule that where an agent signs a negotiable instrument in his own name, without disclosing on the face of the instrument the name of his principal, he is personally liable thereon. But, in the present case, the name of the corporation is attached to the note and is followed by that of Devries and Taylor with the designation of their respective titles. In *American Nat. Bank v. Omaha Coffin Mfg. Co.,* 1 Neb. (Unof.) 322, this court held that a note signed "Omaha Coffin Mfg. Co., C. A. Claflin, Pres., S. L. Andrews, Secy," was the note of the corporation, and that the officers whose names were attached thereto were not liable thereon. The doctrine announced in that case is supported by the following: *Liebscher v. Kraus,* 74 Wis. 387; *Reeve v. First Nat. Bank,* 54 N. J. Law, 208; *Draper v. Massachusetts Steam Heating Co.,* 5 Allen (Mass.), 338; *Castle v. Foundry Co.,* 72 Me. 167; *Falk v. Moebs,* 127 U. S. 597.

In the cases just cited, but one signature followed that of the corporation, and in the *American Nat. Bank v. Omaha Coffin Mfg. Co., supra,* the liability of the second officer signing the instrument was not necessarily involved, and, on that ground, the plaintiff undertakes to distinguish between those cases and the case at bar, and insists that, while it may be presumed that Devries, in signing the note, intended merely to indicate by whom the corporate signature was affixed to the instrument, no such presumption is to be indulged as to Taylor, because the signature of Devries, to which is attached his official designation, following the name of the corporation, is sufficient, of itself, to indicate by whom the corporate signature was affixed. The plaintiff's argument on this point is agreeably plausible, but not convincing. While the law would have presumed a corporate obligation, had the name of the corporation been followed by the official signature of the president alone, there is no presumption that such is the sole method of attesting the corporate signature. It is not unusual for corporations to require that instruments, intended to bind them, shall be executed by more than one of their officers. And where, as in this instance, the corporate name is followed by the signatures of two of its officers, to which are attached the respective titles of such officers, the presumption which attends the signature of the first officer should be held to attend that of the second as well. This view is in harmony with modern methods and common usage. Instruments thus signed pass current as corporate obligations only, and, outside of the court-room, no one ever acts upon them in the belief that they bind, or were ever intended to bind, the officers thus signing them, or any person other than the corporation itself.

We have not overlooked *Heffner v. Brownell,* 70 Ia. 591, wherein the officers were held liable on a note signed precisely as the one in suit. But that case is contrary to the doctrine announced by this court in *American Nat. Bank v. Omaha Coffin Mfg. Co., supra,* and, as we think, to the weight of modern authority.

It is recommended that the judgment of the district court in favor of Taylor, and against the plaintiff, be affirmed.

GLANVILLE and BARNES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court in favor of Taylor, and against the plaintiff is

AFFIRMED.