## WRIGHT ET AL. v. FLOYD ET AL.

[No. 6,242.   Filed January 14, 1909.   Rehearing denied March 16, 1909.   Transfer denied April 22, 1909.]

1. CORPORATIONS.—*Directors.*—*Acts.*—Corporations act by a majority of the board of directors, or a majority of the number present requisite to transact business and at an authorized meeting. p. 547.

2. CORPORATIONS.— *Stockholders.*— *Protecting Rights Against Directors.*—Stockholders may protect the interests of the corporation against the wrongful acts of the directors.   p. 548.

3. PLEADING.—*Complaint.*—*Corporations.*—*Protecting Rights of.*— A complaint by a minority of the board of directors of a certain church printing corporation, to be sufficient, must show that they are stockholders in such corporation, or are members of such church and are thereby interested.   p. 548.

4. CORPORATIONS.—*Action by Minority of Directors.*—*Effect.*—An action brought by a minority of the board of directors of a corporation is not binding upon the corporation.   p. 549.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Suit by Milton Wright and others against Halleck W. Floyd and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Spencer & Branyan* and *C. W. Watkins,* for appellants.

*S. M. Sayler* and *Lesh & Lesh,* for appellees.

HADLEY, J.—Appellants sued appellees to set aside a judgment against the United Brethren Publishing Establishment, a corporation, and in favor of the Local Endowment Board for the Central Church of the United Brethren in Christ of Rohrersville, Maryland, which, it is averred, was based upon a fraudulent claim and a fraudulent confession of judgment, all to the knowledge of all of the parties interested. It is averred that appellants, together with appellees Floyd, Barnaby, Tharp and Montgomery, constitute the board of trustees of the appellee United Brethren Publishing Establishment, and have the management of its affairs; that said named appellees constitute the majority

of the board of trustees of said corporation, and, over the protests of appellants, did and performed the acts complained of, and appellants bring said suit for the use and benefit of said publishing establishment. It is nowhere averred that appellants are members either of the corporation or of the church, for whose benefit the printing establishment was operated, or that they have any interest whatever in the controversy either as shareholder, stockholder, member or beneficiary. Moreover, it is apparent from the averments of the complaint that appellants seek to bring the suit as minority trustees and in their trust capacity for the benefit of the corporation.

The question we are called upon to decide is whether they thereby show sufficient interest to prosecute this suit. It cannot be said that the corporation is prosecuting the

1. suit, since the corporation only acts by a majority of its board of trustees, or at least a majority of a quorum present. *Price* v. *Grand Rapids, etc., Co.* (1859), 13 Ind. 58; 2 Cook, Corporations (5th ed.), §712. And it is well settled that one or more members and less than such majority of a board cannot bind the corporation to any action. 2 Cook, Corporations, *supra; Noblesville Gas, etc., Co.* v. *Loehr* (1890), 124 Ind. 79; *Allemong* v. *Simmons* (1890), 124 Ind. 199. In 2 Cook, Corporations, *supra*, the learned author says: "All contracts of a corporation are to be made by or under the direction of its board of directors. The board of directors make corporate contracts by a regular vote of the board. * * * The board of directors have the widest of powers. All of the various acts and contracts which a corporation may enter into are entered into by and through the board of directors. The board of directors make or authorize the making of the notes, bills, mortgages, sales, deeds, liens, and contracts generally of the corporation. They appoint the agents, direct the business, and govern the policy and plans of the corporation. * * * They institute, prosecute, compromise, or appeal suits at

law and in equity which the corporation brings or has brought against it. But there are limitations on their powers. If the board of directors attempt to do an act or make a contract which the corporate charter does not give the corporation the power to do or enter into, then any stockholder may enjoin that act or contract. Moreover, the directors can contract and act only as a board, duly notified and assembled. The members of the board cannot agree separately and outside of the meeting and thereby bind the corporation. Nor can a minority of the board meet and bind the board. A majority must be present, and then a majority of that majority binds the corporation. A single director has no power to contract for the corporation.''

Neither can it be said that they are bringing the suit as interested members, since there is no averment of their being such. It does not appear that they have any personal interest in the controversy.

It is well settled that shareholders or stockholders in a corporation, or an interested member, may bring suit on behalf of the corporation to protect the interest of

2. the corporation, and incidentally the interest of the members; but, in doing so, their interest must be shown, and it also must be shown that a demand has been made upon the corporation to protect such interest, and a refusal so to do, or such facts be exhibited as show that such demand would be unavailing. *Carter* v. *Ford Plate Glass Co.* (1882), 85 Ind. 180; *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 87 Am. St. 207; *Tevis* v. *Hammersmith* (1903), 31 Ind. App. 281; *Wayne Pike Co.* v. *Hammons* (1891), 129 Ind. 368; 3 Cook, Corporations (5th ed.), §750.

But we have made diligent search and have been unable to find any authority warranting a member of the board of trustees or directors to bring such a suit in his

3. trust capacity, or in his personal capacity, solely by reason of his interest on account of such member-

ship, since such membership gives him no personal interest. In the absence of a statute or rule of the corporation, a member of a board of directors or trustees does not necessarily have to be a member or shareholder of such corporation. 1 Cook, Corporations (5th ed.), §11.

The complaint does not show under what statute the appellee printing establishment was organized; neither does it aver any rule requiring a trustee of such .corporation to be a member, and under such circumstances the mere averment of plaintiff that he is a member of the board of trustees is not sufficient to show such interest as to authorize the prosecution of suits of this character.

It is clear that where a suit is prosecuted, as this is prosecuted on behalf of the corporation by minority members of the board of trustees, a determination of such cause 4. would not be an adjudication of the rights of the corporation in the controversy, since the corporation does not prosecute the suit. Nor would it be an adjudication of the right of a member or shareholder to prosecute such a suit in the name of the corporation, since it does not appear that such member or shareholder has so prosecuted the same.

Judgment affirmed.