## FLICK ET AL *v.* JORDAN ET AL.

[No. 10,557.   Filed December 10, 1920.]

1. CORPORATIONS.— *Promissory Notes.*— *Signature.*—*Sufficiency.* —The name of a corporation signed to a note by the president is sufficient to bind the company, and such signature is complete without the indorsement of the company's directors. p. 317.

2. CORPORATIONS.—*Directors.*—*Powers.*—The directors of a corporation are wholly without authority to act in a representative capacity except as a board of directors.   p. 319.

3. BILLS AND NOTES.—*Promissory Note.*—*Execution by Corporation's Directors.*— *Individual Liability.*— Notwithstanding §9089t Burns 1914, Acts 1913 p. 120, providing that, where an instrument contains or a person adds to a signature words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he is duly president, and then by each member of the board of directors as indorsers without their official capacity being indicated, and after it was so signed the company's secretary wrote the word "director" after each name, and subsequently at the suggestion of the broker negotiating the note a part of the directors added their individual names, the note was executed by them as individuals, and not as representatives of the corporations.   p. 319.

4. EVIDENCE.—*Presumption.*—*Knowledge of Law.*—A party is presumed to know the law.   p. 320.

5. CORPORATIONS.—*Directors.*—*Power to Bind Company.*—A director of a corporation acting singly as such, has no authority to bind his company.   p. 320.

From Marion Superior Court (A995) ; *Linn D. Hay,* Judge.

Action by Arthur Jordan and others against William B. Flick and others.   From a judgment for plaintiff, the defendant named and another appeal.   *Affirmed.*

*Joseph W. Hutchinson* and *Emsley W. Johnson,* for appellants.

*James W. Noel, Eugene H. Iglehart* and *Hubert Hickam,* for appellees.

NICHOLS, J.—Action by appellee Arthur Jordan against appellants and appellees Curtis and Johnson on a promissory note for $5,000.

The averments of the complaint are in substance as follows: The Curtis Park Manufacturing Company is a corporation organized and existing under the laws of the State of Indiana. On May 11, 1917, said company was indebted to appellee Jordan in the sum of $3,000 evidenced by a certain promissory note which is in words and figures as follows, to wit:

"$3000.00          Indianapolis, May 11, 1917.
Ninety days after date we promise to pay to the order of Arthur Jordan, Three Thousand Dollars, at Continental National Bank, Indianapolis, Indiana. For value received without any relief whatever from valuation or appraisement laws with 8 per cent. interest per annum after maturity until paid and attorneys fees. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note.
           Curtis Park Mfg. Company.
           By L. M. Parkhurst, President."

The note is due and unpaid. To secure the same, the said company at appellee's request delivered to appellee, as collateral security for the payment of said note and interest, a certain promissory note in the sum of $5,000, dated May 10, 1917, payable in ninety days after date thereof to the order of said company, which was signed:

"Curtis Park Mfg. Company,
By L. M. Parkhurst, President,
By W. B. Flick, Secty.-Treas."

with the following indorsements on the back thereof:

"Curtis Park Mfg. Company, by L. M. Parkhurst, President.
L. M. Parkhurst, Director,
W. B. Flick, Director,
G. T. Allen, Director,

I. R. Curtis, Director,
Anna Curtis, Director,
Jac England, Director,
H. E. Johnson, Director,
Layton Parkhurst,
H. E. Johnson,
I. R. Curtis,
Jac England."

L. M. Parkhurst is the same person as Layton Parkhurst, and W. B. Flick is the same person as William B. Flick. Said collateral security is due and unpaid. The company is insolvent and appellant James W. Lamkin has been appointed as receiver thereof. Appellants Flick and Allen each filed their separate demurrers to the complaint for want of facts, which demurrers were overruled, to which ruling said appellants excepted. Each of said appellants then filed a verified answer, each of which answers were to the effect that on May 10, 1917, the appellant therein named was a director in the Curtis Park Manufacturing Company. At said time said company was in need of money, and for the purpose of raising the same the note sued upon was made and executed by said company. It was made to the order of the company and, for the purpose of negotiating it, it was indorsed as hereinbefore set out. That such indorsement by appellants Flick and Allen were solely and only in their respective representative capacities as such directors, and not otherwise. At the time of said indorsement certain other directors signed their names upon the back of said note without any designation as directors, and the request was made of these appellants that they do likewise, but that they each refused to sign other than as a director of the company, and each of said appellants denies the execution of said indorsement of the note except as such director. Each of these answers were verified.

Appellee Jordan replied in general denial to each of

the answers. The cause was submitted to the court for trial and there was a general finding for appellee Jordan against appellants and appellee Johnson, and that appellee Jordan was entitled to recover against such appellants and appellee $3,550 and costs, that being the amount due on the original note for which the $5,000 note was given as collateral. There was a judgment upon this finding.

Appellants Flick and Allen each filed a motion for a new trial, which was overruled. The only persons concerned in this appeal are appellants Flick and Allen, who will hereinafter be mentioned as appellants, and the only appellee interested in this appeal is Jordan, who is hereinafter mentioned as appellee.

The errors assigned are the court's action in overruling the respective demurrers of appellants, and the court's action in overruling appellants' respective motions for a new trial.

It is contended by appellants that the complaint shows on its face that the indorsement upon the note sued on was by the Curtis Park Manufacturing Company, acting by and through its president and board of directors, and that said appellants signed only for and in behalf of said company as directors and not otherwise, while it is the contention of appellee that the word "director" after each of appellants' names is merely *descriptio personae* and that each of appellants is individually liable.

It is to be observed that the note for $3,000 was signed Curtis Park Manufacturing Company, by L. M. Parkhurst, president, and in this form of its signature it was delivered to appellee Jordon. The note so signed was the obligation of the Curtis Park Manufacturing Company. The signature thereto was sufficient to bind the company. The note for $5,000 was signed Curtis Park Manufacturing Company, by

L. M. Parkhurst, president, which signature was sufficient to bind the company and said note was indorsed on the back by the same signature. It was a sufficient indorsement thereof and bound the company, but in addition thereto it was indorsed:

> "L. M. Parkhurst, Director,
> W. B. Flick, Director,
> G. T. Allen, Director,
> I. R. Curtis, Director,
> Anna Curtis, Director,
> Jac England, Director,
> H. E. Johnson, Director,
> Layton M. Parkhurst,
> H. E. Johnson,
> I. S. Curtis,
> Jac England."

If appellants' contention is right, we can see no purpose in having the directors of the company join in the indorsement in the manner in which they did, for, if they only indorsed in a representative capacity, they added nothing whatever to the indorsement of the note, it being sufficiently indorsed to bind the company by its president. If it was necessary that appellants and their codirectors should join in this indorsement in their representative capacities, then by the same reasoning it would have been necessary that they join in the execution of each of the notes in their representative capacities. This they did not do, nor was it necessary that they should. The corporate signature was complete without the signature of any director. In the case of *Taylor* v. *Reger* (1897), 18 Ind. App. 466, 48 N. E. 262, 63 Am. St. 352, the note sued on was signed: "The Pendleton Window Glass Company, by B. F. Aiman, president; C. B. Orvis, vice president; Charles H. Roach, secretary; A. B. Taylor, Benj. Rogers, J. R. Boston, directors." The court said: "When the corporate name of the Pendleton Window

Glass Company had been subscribed to the note in suit, by 'B. F. Aiman, President,' such signature bound the corporation, and the signing of the names of the appellants, as directors, added no force or effect to it.

Under the circumstances, we must regard the word 'director,' opposite the names of appellants, as merely *descriptio personae*." The directors were wholly without authority to act in a representative capacity except as a board of directors.

In *Wright* v. *Floyd* (1909), 43 Ind. 546, 86 N. E. 971, it was held that the directors can contract and act only as a board duly notified arĩd assembled, and that a single director has no power to contract for the corporation.

Appellants cite §9089t Burns 1914, Acts 1913 p. 120, which provides that: "Where an instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized." But neither of the appellants was authorized to sign the note in a representative capacity and, signing it as they did singly and not as a board, they were wholly without authority to bind the company. There was no error in overruling appellants' separate demurrers to the complaint. Having reached this conclusion, we now proceed to examine the question as presented in the motion for a new trial, and in doing so we are confirmed in our holding that the demurrers to the complaint were properly overruled. It appears by the evidence in the case that after the note in suit had been signed by the company by L. M. Parkhurst, president, it was then signed by each of the members of the board, not as a board, but by each of the directors, without the name "director" appearing after their respective names, and that after it was so signed Mr. Johnson, the secretary of the company, wrote the word "director" after each of

the names.  In this form, and without the four individual names of directors signed thereto, the note was taken by Mr. Parkhurst to the broker who afterward negotiated the same.  The broker then informed him that he could not handle it that way, although he did not think the word "director" written after the names would release them as individuals.  Thereupon the note was taken away and afterward returned to the broker with the four individual names added thereto, whereupon the broker negotiated the note to appellee.  The fact that the word "director" was added after each of the names of the directors after all had signed the same, and the further fact that the note was then, without the individual names, offered as collateral security for the $3,000 note, justified the trial court in finding that the appellants had signed, and intended to sign, in their individual capacities.  If the board of directors had indorsed the $5,000 note only in a representative capacity as security for the $3,000 note, there could have been no purpose in offering it as security, for it added nothing in the way of security thereto without the individual indorsement of the directors.  Appellants contend that there was at least enough upon the face of the note to put appellee upon inquiry as to whether they had signed in a representative capacity.  But appellee is presumed to know the law and, so knowing he knew that appellants could not sign as directors in a representative capacity.  A director acting singly as these has no authority to bind his company. *Allemong* v. *Simmons* (1890), 124 Ind. 199, 23 N. E. 768; *Wright* v. *Floyd, supra;* 10 Cyc 775.

4-5.

There was no error in overruling the motion for a new trial.  The judgment is affirmed.

Remy, C. J., concurs in result.