SAINT JOSEPH VALLEY BANK *v.* NAPOLEON MOTORS CO.

1. CORPORATIONS—SIGNATURE OF CORPORATION BY OFFICERS—GUARANTY.

　　A contract of guaranty reading, "full performance of seller's obligations under this contract is individually guaranteed by the following persons:" signed by the name of the seller, a corporation, followed by the names of its vice-president and secretary-treasurer, is the contract of

the corporation solely; the signatures of the officers being essential to the completion of the corporate signature.[1]

2. SAME.

That "by," "per," or "pro" was not used before the signatures of the officers is immaterial, since it would have added nothing to the certainty of what is expressed.[2]

3. EVIDENCE—AMBIGUITY—PAROL EVIDENCE.

Where a contract guaranteeing performance of another contract by a corporation was signed by the corporation alone, by its officers, and there is no ambiguity therein, parol evidence is inadmissible to show that it was intended to bind the officers personally; it being immaterial that without liability of the officers personally the guaranty adds nothing to the contract.[3]

Error to Grand Traverse; Mayne (Frederick W.), J.   Submitted January 13, 1925.   (Docket No. 80.) Decided April 3, 1925.

Assumpsit by the Saint Joseph Valley Bank against the Napoleon Motors Company, Frank Trude and W. G. Rath on a contract of guaranty.   Judgment for plaintiff.   Defendants Trude and Rath bring error. Reversed, and no new trial ordered.

*H. C. Davis* and *C. L. Dayton*, for appellants.

*Verne G. Cawley* and *W. P. Crotser*, for appellee.

CLARK, J.   Defendant Napoleon Motors Company, a corporation, manufactured trucks at Traverse City. Frank Trude was its vice-president, and W. G. Rath its secretary and treasurer.   In selling trucks it received notes secured by chattel mortgages.   It entered into a contract with plaintiff bank, of Elkhart, Indiana, by which plaintiff agreed to and did purchase such paper.   ' The contract provided that if any of the paper was not paid at maturity defendant corporation (therein called the seller) was to pay the same

[1]Corporations, 14a C. J. § 2543; [2]Id., 14a C. J. § 2543; [3]Evidence, 22 C. J. § 1649 (1926 Anno).

within 10 days. The agreement was prepared by plaintiff, and after signing was sent to Traverse City for form of guaranty, also written thereon, to be signed. The guaranty and the signature were as follows:

"Full performance of seller's obligations under this contract is individually guaranteed by the following persons:

"NAPOLEON MOTORS CO.<br>
"FRANK TRUDE,<br>
"Vice-Pres.,<br>
"W. G. RATH,<br>
"Secy-Treas."

Notes not being paid as required, plaintiff sued defendant corporation and Trude and Rath, and had judgment in a cause tried without a jury. Trude and Rath bring error, and the question is whether they are personally liable as guarantors.

The right of the corporation to sign the guaranty is not questioned. It is said that this is an Indiana contract, to be governed by the laws of that State. We think it unnecessary to determine that question, finding the later decisions of the courts of last resort of that State, so far as applicable, to be in line with the weight of authority, by which the question will be determined. There is a lack of harmony among the authorities on the question. This is recognized in *Second National Bank* v. *Midland Steel Co.*, 155 Ind. 581 (58 N. E. 833, 52 L. R. A. 307), where earlier decisions of that State are reviewed.

If the guaranty had been signed by "Frank Trude, Vice-Pres.," and "W. G. Rath, Secy-Treas.," and without the name of the corporation, then, considering the language of the guaranty, particularly "persons" and "individually," it might be held, under many authorities, that the signers were bound personally and that the words "Vice-Pres." and "Secy-Treas." were merely *descriptio personæ*. *Second National*

*Bank* v. *Midland Steel Co., supra; Reeve* v. *National Bank,* 54 N. J. Law, 208 (23 Atl. 853, 16 L. R. A. 143, 33 Am. St. Rep. 675). In many cases somewhat similar to the supposed case, the writing being deemed ambiguous, evidence to show the intention of the parties has been held admissible. 3 Cook on Corporations (6th Ed.), § 724; *Second National Bank* v. *Midland Steel Co., supra.*

But here the corporation alone, Napoleon Motors Company, signed the guaranty. It could sign only by its officer or officers. We cannot ignore its name so written. And without the signing of its officer or officers its signature would be incomplete. The undertaking so signed must be taken conclusively to be that of the corporation. *Falk* v. *Moebs,* 127 U. S. 597 (8 Sup. Ct. 1319); *Reeve* v. *National Bank, supra; Flick* v. *Jordan,* 74 Ind. App. 314 (129 N. E. 42); *Liebscher* v. *Kraus,* 74 Wis. 387 (43 N. W. 166, 5 L. R. A. 496 17 Am. St. Rep. 171); *Taylor* v. *Danielsonville Cotton Co.,* 82 Conn. 220 (72 Atl. 1080); *Gleason* v. *Milk Supply Co.,* 93 Me. 544 (45 Atl. 825, 74 Am. St. Rep. 370); *Miller* v. *Roach,* 150 Mass. 140 (22 N. E. 634, 6 L. R. A. 71); *Alexander* v. *Sizer,* 4 L. R. Ex. 102; *Latham* v. *Flour Mills,* 68 Tex. 127 (3 S. W. 462); 14A C. J. p. 596; 3 Cook on Corporations (6th Ed.), § 724.

The fact that the corporate name is followed by the signatures of both the vice-president and the secretary-treasurer does not make the latter liable personally. It was held in *English & Scottish A. M. & I. Co.* v. *Globe Loan & Trust Co.,* 70 Neb. 435 (97 N. W. 612, 6 Ann. Cas. 999):

"While the law would have presumed a corporate obligation, had the name of the corporation been followed by the official signature of the president alone, there is no presumption that such is the sole method of attesting the corporate signature. It is not unusual for corporations to require that instruments, intended to bind them, shall be executed by

more than one of their officers.   And where, as in this instance, the corporate name is followed by the signatures of two of its officers, to which are attached the respective titles of such officers, the presumption which attends the signature of the first officer should be held to attend that of the second as well.   This view is in harmony with modern methods and common usage.   Instruments thus signed pass current as corporate obligations only, and, outside of the court room, no one ever acts upon them in the belief that they bind, or were ever intended to bind, the officers thus signing them, or any person other than the corporation itself."

And see *Williams* v. *Harris*, 198 Ill. 501 (64 N. E. 988); *Roney's Adm'r* v. *Winter*, 37 Ala. 277; *Jacobs* v. *Williams*, 85 Conn. 215 (82 Atl. 202, Ann. Cas. 1913B, 900).

Had the paper been signed by certain other and additional officers of the corporation, such as directors, not customarily or usually signing instruments, and if it were sought to charge them personally, a different question might be presented.   *Flick* v. *Jordan, supra.*

Had the word "by" or "per" or "pro" been used before the signature of either or both officers, it would have added nothing to the certainty of what is expressed.   *Wright* v. *Drury Petroleum Corp.*, 229 Mich. 542, and cases there cited.   The words "persons" and "individually" and that the signing added nothing to the contract are not important here, for there is but one signature on the paper, the signature of the corporation, and hence no ambiguity permitting parol evidence on the question.   *Liebscher* v. *Kraus, supra; Falk* v. *Moebs, supra; Williams* v. *Harris, supra.*

Judgment reversed, without a new trial, and with costs to appellants.

BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.   MCDONALD, C. J., did not sit.